WHITE v. HOLMAN. (No. 7395.)

(Court of Civil Appeals of Texas. Dallas. Oct. 23, 1915. Rehearing Denied Nov. 27, 1915.)

1. BROKERS ⬥85—COMPENSATION—ACTIONS —EVIDENCE.

In a broker's action for compensation based on procuring a purchaser to whom defendant sold direct, evidence by the purchaser that he suggested as the broker had voluntarily withdrawn from the effort to sell the lands for him, he and defendant should discuss the matter, was inadmissible to show defendant's good faith in making the sale directly, for such evidence is at most only a conclusion.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 106–115; Dec. Dig. ⬥85.]

2. BROKERS ⬥85—ACTIONS—COMPENSATION —EVIDENCE.

Evidence that a landowner, after some negotiations with a purchaser first interested by a broker engaged to sell, sold the property directly to the purchaser making a deduction for defect in title, is inadmissible to show the owner's good faith.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 106–115; Dec. Dig. ⬥85.]

3. EVIDENCE ⬥271 — DECLARATION — SELF-SERVING DECLARATIONS.

A letter written by an owner revoking a broker's authority to make a sale to one whom the broker had interested in the land is a self-serving document and is inadmissible to show that the broker had withdrawn from that transaction.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068–1079, 1081–1104; Dec. Dig. ⬥271.]

4. BROKERS ⬥44—COMPENSATION—RIGHT TO.

Where a broker interested a purchaser, the owner's subsequent revocation of his authority to make a sale to such purchaser will not deprive the broker of his right to commissions, where the owner made a sale direct to the purchaser, for while an agency may be revoked by the principal at any time, the revocation of the agency cannot be made the means of defeating the right of the agent to commissions already earned.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 45; Dec. Dig. ⬥44.]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by C. G. Holman against S. J. White. From a judgment for plaintiff, defendant appeals. Affirmed.

Morris & Pope, of Dallas, for appellant. Edward P. Dougherty and L. R. Callaway, both of Dallas, for appellee.

RASBURY, J. Appellee sued appellant in the court below to recover $500 alleged to be the agreed commission due appellee for his services as real estate broker in consummating the sale of certain lots of land for appellant. There being no issues arising upon the pleading, it is sufficient to say that they raised the issues presented in appellant's brief.

It was shown by the evidence practically without dispute that appellant did employ appellee to sell his lands, and that appellee, with the aid of another and co-operating agent, brought appellant and B. F. Brandenburg, who ultimately purchased the property, together about July 21, 1913, at which time Brandenburg made appellant an offer for his land, which appellant refused to accept. Thereafter, on September 2, 1913, Brandenburg purchased the lands from appellant at a price less than appellee was authorized to sell for, but for a price offered by Brandenburg at the time appellee first brought the parties together. This sale was not consummated because of appellant's refusal to cure certain defects in the title. Subsequently, however, and on November 3, 1913, appellant did convey the lands to Brandenburg for the price agreed to by Brandenburg when appellee first brought the parties together.

At trial certain special issues of fact were submitted to the jury who, in response thereto, found that appellant did employ appellee to sell his lands, agreeing to pay him $500 commissions in case of sale, and that a sale was effected by the efforts of appellee, who was the procuring and efficient cause of the sale. The jury also found that appellee did not, as claimed by appellant, voluntarily abandon his negotiations with Brandenburg when the parties failed to agree at the first meeting. Upon the jury's findings judgment was entered for appellee, from which this appeal is perfected.

[1] The first issue presented is the action of the court in refusing to permit the witness, Brandenburg, the purchaser of the lands, to detail a conversation between himself and the appellant, which occurred about September 1, 1913. Brandenburg would have testified that he accidentally met appellant at the courthouse about September 1, 1913, and suggested to him that inasmuch as appellee had voluntarily withdrawn from the effort to sell appellant's lands to him, Brandenburg, and had no further connection therewith, he desired to discuss the matter

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

with appellant and see if they could trade; that he did discuss the matter with appellant and finally offered him $11,000, which appellant accepted the following day. It is urged by counsel that Brandenburg's statement was admissible as bearing upon appellant's good faith in the transaction and to disprove the charge that appellant had attempted to defraud appellee out of his commissions. The contention, we think, is clearly untenable. The assumption by the witness Brandenburg that appellee had voluntarily withdrawn from negotiations with him, Brandenburg, and hence had no further connection with the sale of the lands was pure conclusion. Even though appellant, in selling the lands to Brandenburg in good faith, believed at the time that all negotiations with Brandenburg had been abandoned by appellee, and that he had the right to sell the lands free of liability to appellee, it is equally clear and certain that he could not establish that good faith by the conclusion on the part of Brandenburg that appellee had in fact so severed his connection with the negotiations. That was a matter to be determined by the jury upon consideration of the evidence disclosing what the parties themselves said and did.

[2] Neither was the testimony of appellant, also excluded by the court, competent to show appellant's good faith in assuming that appellee had voluntarily withdrawn from the negotiations with Brandenburg. Had he been permitted to do so appellant would have testified in effect that the trade he made with Brandenburg September 1, 1913, was canceled October 27, 1913, and that in two or three days thereafter he applied to Brandenburg for a loan thereon, and while said application was pending Brandenburg proposed again to buy the lands at the original offer of $11,000, if appellant would allow $250 to cover the expense of curing certain defects in the title, and that in a day or so the matter was closed by appellant, allowing $125 for such expense, whereupon deed was executed and the land conveyed at once. This testimony, like that of Brandenburg, was incompetent to establish appellant's good faith. He may have, and probably did, in good faith believe that appellee had voluntarily withdrawn from the negotiations, and so believing in good faith sold to Brandenburg. That good faith, however, clearly cannot, as against appellee, be established by showing that he did in fact sell the property. The act of selling is not evidence of good faith. Whether appellee abandoned the negotiations for the sale of the lands to Brandenburg is dependent, not upon what appellant and Brandenburg subsequently did in reference to such lands, but upon the intention of the parties to be deduced by the jury from their conduct and expressions preceding such abandonment.

[3, 4] It is next urged that the court erred in not admitting in evidence a letter written by appellant to appellee withdrawing appellant's lands from appellee's hands and severing all negotiations in connection with the sale thereof to Brandenburg, and in not rendering judgment for appellant upon the finding of the jury that appellant did, on August 9, 1913, declare all negotiations with reference to the sale of his lands to Brandenburg at an end. In reference to the admission of the letter, aside from the fact that it is clearly self-serving and hence inadmissible, the jury found all that could have been properly proven by the letter and if admissible, which we do not concede, its exclusion was harmless in view of the finding of the jury. Nor did the finding of the jury entitle appellant to judgment, since the jury also found, in effect, that appellee did not abandon the negotiations with Brandenburg. The two findings amount to no more than that appellant attempted to cancel the negotiations pending with Brandenburg, and appellee declined to agree to such cancellation, leaving it finally and properly for the jury to say from all the facts and circumstances developed, who was the efficient and procuring cause of the sale. While it is correct to say, in connection with the issue, as does counsel for appellant, that agency may be revoked by the principal at any time, it is equally true that revocation of agency may not be the means of defeating the agent of commissions earned prior to such revocation.

There are a number of other assignments of error which we have carefully considered, but which we omit a discussion of for the reason that under the unchallenged special findings of the jury and under the rule announced in Bellis v. Hann & Kendall, 157 S. W. 427, and Martin v. Jeffries, 172 S. W. 148, they become immaterial, and fail to present reversible error.

The judgment is affirmed.