**METAL STRUCTURES CORPORATION,**
Appellant,

v.

**Sam BIGHAM, Appellee.**

No. 15840.

Court of Civil Appeals of Texas.

Dallas.

May 12, 1961.

Rehearing Denied June 9, 1961.

Odeneal & Odeneal, Dallas, for appellant.

Jerome T. Ragsdale, Dallas, for appellee.

WILLIAMS, Justice.

Sam Bigham, plaintiff in the trial court, sued Metal Structures Corporation, as defendant, to recover certain commissions claimed to have been earned by him while employed by defendant. Defendant company manufactures, sells and erects steel buildings. Plaintiff had been employed by defendant on a commission basis to sell steel buildings. Three transactions are involved. The first was known as the "Fayette Manufacturing Job" at Commerce, Texas. Plaintiff claimed a commission on this building, though he did not assert that he was the procuring cause of the sale, because he alleged that he had an exclusive territory covering all of East Texas and that such sale at Commerce, Texas was in such sales territory, which would entitle him to a commission. The second transaction was known as "Fair Park Livestock Arena Job" in Dallas. Plaintiff claimed that he was the procuring cause of this sale and therefore he is entitled to commission. The third transaction was known as "Sokol Zizka Job" in Dallas. Plaintiff claimed that he was the procuring cause of this sale, and therefore entitled to his commission. The court submitted the case to the jury on three special issues. Special Is-

sue No. 1 was: "Do you find from a preponderance of the evidence that the defendant, Metal Structures Corporation, agreed with the plaintiff, Sam Bigham, that he would be paid a commission on all sales made within the East Texas sales area, or do you find that the plaintiff would be paid a commission only on the sales made by him, the plaintiff, Sam Bigham, in such area?" The jury answered "Yes, it agreed to pay him on all sales in the area." Special Issue No. 2 was: "Do you find from a preponderance of the evidence that the plaintiff, Sam Bigham, was the procuring cause of the contract with Wohlfeld Construction Company for the sale of steel structure of the Livestock Building at the Fair Park in Dallas?" To which the jury answered "Yes". Special Issue No. 3 was: "Do you find from a preponderance of the evidence that the plaintiff, Sam Bigham, was the procuring cause of the contract for the sale of steel structure for the erection of the Sokol Club Building?" To which the jury answered "Yes". The court defined the term "procuring cause" as "the principal and immediate cause of the sale accomplished. It need not be the sole cause, and an agent is said to be the procuring cause of a sale when his acts have so contributed to bringing about the sale that but for his acts the sale would not have been accomplished." Based upon this verdict the trial court rendered judgment for the full amount of commissions sought in favor of plaintiff, and defendant brings this appeal.

Appellant's first and second points, grouped together, contend that the trial court erred in overruling its motion for judgment non obstante veredicto and in overruling its amended motion for new trial, for the reason that there was no evidence to support the jury's answer to Special Issue No. 1.

In passing upon the question of whether the trial court should have sustained the motion for judgment notwithstanding the verdict, we are governed by the test of whether there has been introduced any testimony of such probative force as to raise an issue of fact. To sustain appellant's points it must be determined that there was no evidence having probative force upon which the jury could have made the findings. An issue of fact is raised if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff. And if the facts are controverted or are such that different inferences may reasonably be drawn therefrom, an issue of fact is presented, and it is only where evidence is harmonious and consistent and circumstances permit but one conclusion, that the question becomes one of law. Crom v. County of Cameron, Tex. Civ.App., 310 S.W.2d 664; Lynch v. Ricketts, Tex.Civ.App., 306 S.W.2d 410, judgment reformed 158 Tex. 487, 314 S.W.2d 273; Watt v. Texas State Board of Medical Examiners, Tex.Civ.App., 303 S.W.2d 884, err. ref.; 356 U.S. 912, 78 S.Ct. 669, 2 L.Ed.2d 585; Consolidated Casualty Ins. Co. v. Baker, Tex.Civ.App., 297 S.W.2d 706.

With these "no evidence" points presented, we have carefully reviewed the testimony in conformity with the rules of law announced in the preceding authorities. Appellee testified that he was first employed by one Latsos, who was sales manager for the appellant corporation, as a salesman and that under such agreement he was to have the exclusive East Texas territory and would receive 5% commission on any and all steel buildings that he sold in this exclusive territory. Later he was brought to Dallas by the appellant company and an official of that company, Mr. Dan Colbath, made an oral agreement with him that he was to have the East Texas territory exclusive and receive 5% commission on anything sold in that territory. He testified that a Mr. Ruckman, an official of appellant company, told him not to worry about the commission because he would get the commission on anything sold in the East

Texas territory. Appellee did not contend that he was the procuring cause of the sale of the Fayette Job at Commerce, Texas, but did contend that under such oral agreement, above related, and in as much as the sale was made in his exclusive territory, that he was entitled to a commission thereon. Mr. Dan Colbath, witness for appellant, testified rather vaguely and uncertainly concerning the terms and conditions of appellee's employment.

■ In the light of this record we certainly cannot say that there is no evidence to sustain the submission of Special Issue No. 1 to the jury. While it is true that the evidence is conflicting yet a jury issue was clearly defined and submitted. Utilities Natural Gas Corporation v. Hill, Tex.Civ. App., 239 S.W.2d 431. We have also carefully considered the testimony, both for appellant and for appellee, and we cannot say that the testimony is so contrary to the great weight and preponderance of the testimony as to result in a manifestly unjust verdict. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; "No Evidence and Insufficient Evidence Points of Error", Texas Law Review, Robert W. Calvert, Vol. 38, April 1960, pp. 361–372. Appellant's first and second points are therefore overruled.

■ Appellant's third, fourth and fifth points, grouped together, complain of the trial court's action in submitting Special Issue No. 2, and overruling appellant's motion for judgment non obstante veredicto as to Special Issue No. 2, and overruling appellant's motion for new trial as to Special Issue No. 2, because it is asserted that the undisputed and uncontroverted evidence showed, as a matter of law, that appellee was not the procuring cause of the contract concerning the Fair Park Job.

Appellee testified that he saw an article in the newspaper concerning the City of Dallas building a livestock building at Fair Park. He said that he contacted the man, who was employed by the City, and inquired as to who he should see in regard to this job.

He went to the City Engineering Department and was advised to contact Harper & Kemp, architects. Bigham testified that for a period of over four months he worked with Harper & Kemp, architects, in regard to the designing of the metal structure, and that on numerous occasions he took Mr. Dilley, Vice-President in charge of engineering of appellant corporation, with him to assist in drawing up the specifications of the building. Bids on the job were introduced in evidence. After working four months on the job appellee was, without any prior notice dismissed from his employment by appellant corporation. At the time of his termination of employment the appellee was requested to make a list of the jobs he had worked on and turn it over to the company. Appellee testified that he was told he would be paid commissions on any of these jobs if the company was successful. Appellee did make up the list on a letter head of appellant corporation and gave it to Mr. Colbath and Mr. Dilley, said list including the Fair Park Job. A contract was subsequently made with Wohlfeld Construction Company for the sale of a steel structure for the livestock building.

■■ Having carefully considered this record we are of the opinion that there was ample evidence of sufficient probative force to justify the trial court in submitting Special Issue No. 2, especially in the light of the definition of "procuring cause" which was submitted without objection. There being evidence to support the submission of the issue, the trial court was justified in overruling the motion for judgment non obstante veredicto. Moreover, having considered the evidence both favorable and contrary to appellant, we are of the opinion that it cannot be said that the answer to Special Issue No. 2 is so contrary to the great weight and preponderance of the testimony as to be manifestly wrong and unjust. Neither can we say that the fact that the appellee was discharged by appellant corporation prior to the time he completed the sale would bar him from his

right of recovery. There is no evidence that appellee was discharged for any valid reason other than appellant wanted to get someone else to do sales work. While an agency may be revoked by the principal at any time, the revocation of the agency cannot be made the means of defeating the right of the agent to commissions already earned. White v. Holman, Tex.Civ.App., 180 S.W. 286. Appellant's third, fourth and fifth points are overruled.

By its sixth, seventh and eighth points grouped together, appellant urges that the trial court erred in submitting Special Issue No. 3 over appellant's objection that the undisputed and uncontroverted evidence showed, as a matter of law, that appellee was not the procuring cause of the Sokol Job, and that, for the same reason, the court erred in overruling appellant's judgment non obstante veredicto as to Special Issue No. 3, and erred in overruling defendant's motion for new trial as to Special Issue No. 3.

The testimony concerning the Sokol Job, briefly stated, was that appellee, a salesman for appellant corporation, contacted a Mr. Smith and a Mr. Joloski concerning this work to be done for the Sokol Zizka Club at Vickery, Texas. Appellee said that he contacted also a Mr. Hosek in regard to drawing up the plans and specifications for this job. Mr. Hosek, a witness for appellant, testified that Mr. Bigham contacted him in regard to the Sokol Job and that he worked with Mr. Bigham and Mr. Dilley on this job. Appellee was not employed by the appellant corporation at the time the contract was actually signed for the Sokol Club Job, but through no fault of his own his employment had been terminated by appellant. As stated above, when appellee had been relieved of his duties he was requested to prepare a list of jobs upon which commissions were claimed, such a list was submitted to appellant corporation which included the Sokol Job. The record does not indicate appellant made objection or protest to any of the items listed and claimed by appellee.

The testimony of appellee himself is sufficient to support his contention that he did work towards the termination of the contract for the Sokol Job. His testimony is given support by Hosek. Therefore, we cannot say that there is no evidence to support Special Issue No. 3, and, having examined the record as a whole, both favorably and unfavorably for appellee, we cannot say that the testimony is so contrary to the great weight and preponderance of the evidence as to result in an unjust verdict. Appellant's sixth, seventh and eighth points are overruled.

Having given careful consideration to all of appellant's points, and finding them without merit, the judgment of the trial court is, in all things affirmed.