**Louis A. MARTINEZ, Appellant,**

v.

**Wayne K. PATTERSON, Warden, Colorado State Penitentiary, Appellee.**

**No. 8799.**

United States Court of Appeals
Tenth Circuit.

Oct. 25, 1966.

Rehearing Denied Dec. 2, 1966.

Gilbert C. Maxwell, Denver, Colo., for appellant.

Robert C. Miller, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., and Frank E. Hickey, Deputy Atty. Gen., on the brief), for appellee.

Before PHILLIPS and HICKEY, Circuit Judges, and BRATTON, District Judge.

PER CURIAM.

This is an appeal by Martinez from an order denying his application for a writ of habeas corpus, whereby he sought his discharge from custody in the Colorado

State Penitentiary. Martinez is confined by virtue of a sentence imposed by a state court upon a jury verdict finding him guilty of the offenses of robbery and conspiracy to commit robbery. The order was entered upon the allegations of the application and without an evidentiary hearing. The sole ground for relief alleged in the application was that the evidence offered in the state court on the trial for the criminal offenses was insufficient to sustain a verdict of guilty.

The allegations of the complaint show that evidence adduced at the state trial established that Martinez was arrested about 15 minutes after the robbery took place and had in his possession certain fruits of the robbery, and other facts and circumstances tending to establish his guilt.

■■ In this collateral attack on the judgment of conviction, the question presented is not whether the evidence was sufficient, but whether the verdict of guilty was so devoid of any evidentiary support as to be invalid under the Due Process Clause of the Fourteenth Amendment. See Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 14 L.Ed.2d 654, where the court said:

"* * * The ultimate question presented to us is whether the charges against petitioner were so totally devoid of evidentiary support as to render his conviction unconstitutional under the Due Process Clause of the Fourteenth Amendment. Decision of this question turns not on the sufficiency of the evidence, but on whether this conviction rests upon any evidence at all."

Here, the verdict clearly had evidentiary support.

■■ In his brief in this case, filed by his court-appointed counsel, Martinez urges as ground for relief the failure of the court to give an instruction on circumstantial evidence, all of the evidence against Martinez being circumstantial in character. A failure to give such an instruction is reviewable only on direct appeal and is not a ground for collateral attack by habeas corpus. Furthermore, counsel for Martinez at the trial in the state court for the criminal offenses did not request an instruction on circumstantial evidence, specifically approved the instructions given, and stated he did not request any additional instructions. See Martinez v. People, Colo., 399 P.2d 415.

Affirmed.