Cross JOHNSON, Jr., and Shirley Johnson, Appellants,

v.

UNITED STATES of America, Appellee.

Nos. 9167, 9168.

United States Court of Appeals Tenth Circuit.

June 29, 1967.

Rehearing Denied Sept. 26, 1967.

William J. Hunsaker, Denver, Colo., for appellants.

James R. Ward, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before PHILLIPS, LEWIS and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellants, who are husband and wife, appeal from a conviction upon a jury verdict, wherein they were found guilty on three counts. Counts 1 and 2 charged violations of 18 U.S.C. § 2421, the White Slave Traffic Act, and Count 3 charged a conspiracy under 18 U.S.C. § 371 to violate § 2421.

Cross and Shirley Johnson reside at Junction City, Kansas, and during the period of time material here operated two places of business in that city, one on East 9th Street and the other on Grant Avenue. Ostensibly, one establishment sold books and the other records and each had living quarters attached. The government's chief witness was Charlene Hampton, age 24, also known as Shirley Willis, who had been an admitted prostitute in Kansas City since she was 17 years of age.

In November, 1964, Hampton having been convicted in the Kansas City, Missouri Municipal Court of "vagrancy as a prostitute" was serving a sentence of confinement in the Municipal Farm. On November 24, appellant Shirley Johnson was in Kansas City, learned about Hampton, went to the institution where she was confined, paid the fine that had been imposed upon Hampton and procured her release. The two of them proceeded by automobile with another couple to Junction City. They proceeded to the East 9th Street store, met appellant Cross Johnson, and within a short interval of time Hampton had her first prostitution date in the living quarters behind the store.

Hampton testified that she remained with the Johnsons for a week or two and during that time she had many prostitution dates, mostly with soldiers from Fort Riley, and on each such occasion either put the proceeds in the store cash register or gave them to Cross Johnson personally; that Shirley Johnson, during this time, also engaged in prostitution at the same location; that Cross kept all of the money she paid over to him but did give her board and room and bought her some clothes; that after two or three weeks, she ran away and returned to Kansas City, the Johnsons followed her, located her and took her back to Junction City where she remained another few weeks and engaged in the same activities as before and under the same arrangements.

Sometime early in 1965 Hampton left again and went by bus to the home of her grandparents in Michigan City, Indiana, where she remained for about four months. During this time both Johnsons called her long distance and urged her to return to Junction City. After several months Hampton traveled from Michigan City to Kansas City, Missouri, where she was soon arrested again for vagrancy and placed in jail. She then called Cross Johnson in Junction City; both Johnsons went to Kansas City, procured her release from jail and took her back to Junction City. After again living several weeks with the Johnsons and engaging in prostitution under the same arrangements as before, Hampton again ran away and returned to Kansas City. The Johnsons again located her there and took her back to Junction City.

These sordid events abruptly came to an end in August, 1965, after Cross Johnson had severely beaten Hampton and she called the city police and related her story.

Summarizing, appellants here urge the insufficiency of the evidence to support the convictions and ineffective assistance of trial counsel.

In this type of a case, intent, motive and purpose of an accused may be proved by circumstantial evidence and the environment and conduct of the parties within a reasonable time before and after the transportation may be considered.[1] By this accepted method of proof there can be no doubt as to the sufficiency of the evidence.

1. United States v. Farber, 6 Cir., 336 F.2d 586; Brooks v. United States, 10 Cir., 309 F.2d 580; Dunn v. United States, 10 Cir., 190 F.2d 496.

■ As to the first point raised, we have, of course, carefully read the entire record and are compelled to conclude that there is more than ample evidence to support the conviction of each of the appellants on all of the three counts contained in the indictment. In making this determination we have adhered to the recognized rules of appellate review in such cases. We cannot weigh conflicting evidence or pass upon the credibility of witnesses. Also, we must view the evidence in a light most favorable to the government and consider both direct and circumstantial evidence, together with all reasonable inferences to be drawn therefrom.[2]

At the outset, it is clear that appellants, husband and wife, operated the two separate businesses adjacent to a large military installation only as fronts for their illicit operations. On the date of the first alleged transportation, Shirley Johnson sought out this known prostitute, paid her out of confinement and caused her to be transported from Kansas City, Missouri, to Junction City, Kansas. The telephone records show that Shirley that day called her husband in Junction City from Kansas City prior to the transportation. Upon arriving in Junction City Shirley took Hampton to Cross Johnson at one of the establishments and within a short time Hampton had her first prostitution date there in that establishment. Such dates were thereafter frequent and Hampton paid her earnings to Cross Johnson. Shirley engaged in the same unlawful activities. To corroborate Hampton's testimony the government used several witnesses who testified they had been customers of the establishments and of Hampton. When Hampton went to Michigan City both appellants called her and urged her to return to Junction City. The evidence as to the transportation on the second count is conclusive as to both appellants. They both went to Kansas City and took Hampton back to Junction City where she renewed her unlawful activities at one or both of the Johnson establishments. The conspiracy count is likewise amply supported by the record as a whole.

■ Little need be said about the claimed ineffective assistance of counsel. The counsel was retained, was a lawyer of some years of trial experience and specialized in the field of criminal law. All of the matters pointed out here to support this point pertain to trial procedures and each requires the exercise of judgment on the part of the trial counsel. In every case a lawyer loses, it is possible, in retrospect, to say that some different strategy or procedure might have brought about a better result. But this is not sufficient to sustain a claim of ineffective assistance of counsel. To sustain such a claim we would have to be able to conclude that the representation was such as to make the trial a mockery, a sham or a farce.[3] In Hester v. United States, 303 F.2d 47, this court succinctly answered an argument similar to appellants' contention here, and said, "This trial technique may sometimes be indicative of lack of experience but in other circumstances may be the considered practice of the skillful attorney. In the case at bar the prosecution presented a careful and complete case to which appellant apparently had no answer. Neither vigor nor skill can overcome truth. Success is not the test of effective assistance of counsel."

Affirmed.

2. Williams v. United States, 10 Cir., 368 F.2d 972; Gusow v. United States, 10 Cir., 347 F.2d 755, cert. denied, 382 U.S. 906, 86 S.Ct. 243, 15 L.Ed.2d 159.

3. Kienlen v. United States, 10 Cir., 379 F.2d 20, No. 9104; Nutt v. United States, 10 Cir., 335 F.2d 817, cert. denied, 379 U.S. 909, 85 S.Ct. 203, 13 L.Ed.2d 180; Hickock v. Crouse, 10 Cir., 334 F.2d 95, cert. denied, 379 U.S. 982, 85 S.Ct. 689, 13 L.Ed.2d 572, rehearing denied, 380 U.S. 928, 85 S.Ct. 908, 13 L.Ed.2d 817; Johnson v. United States, 10 Cir., 333 F.2d 371; Frand v. United States, 10 Cir., 301 F.2d 102.