Claude M. **CARPENTER**, Jr., Appellant,

v.

Sherman H. **CROUSE**, Warden, Kansas
State Penitentiary, Lansing,
Kansas, Appellee.

No. 9237.

United States Court of Appeals
Tenth Circuit.

Jan. 10, 1968.

Rehearing Denied Feb. 9, 1968.

Mark H. Price, Oklahoma City, Okl.,
for appellant.

Daniel D. Metz, Asst. Atty. Gen., To-
peka, Kan. (Robert C. Londerholm, Atty.
Gen., Topeka, Kan., on the brief), for
appellee.

Before BREITENSTEIN, HILL and
SETH, Circuit Judges.

PER CURIAM.

The appeal is from an order denying a
state prisoner's petition for a writ of
habeas, the denial being based upon the
trial court's conclusion that petitioner
had not exhausted his available state
court remedies. In substance, petitioner
there raised two points: That because
of collusion between his retained state
court counsel and a county attorney in
Kansas his appeal from a state court
conviction was dismissed, thus depriving
him of his constitutional right of appeal;
and that he was denied the effective as-
sistance of counsel.

Because the first point questioned the
professional conduct of two members of
the bar, one a county attorney in Kansas
and the other the lawyer who had been
retained by Carpenter and who repre-
sented him in several state court crimi-
nal prosecutions, the trial judge conduct-
ed a full evidentiary hearing concerning
the alleged misconduct of the lawyers.
The judge thereafter made exhaustive
findings of fact and adequate conclusions
of law.[1] By these findings the trial
judge found no merit to the first point
and conclusively showed that appellant
has not exhausted his available state
court remedies.

After the notice of appeal in this case
had been filed in the trial court, Car-
penter filed a motion in that court to set
aside the previous order of dismissal
upon the grounds of newly discovered
evidence and also asked this court to re-
mand the case for a hearing upon such
motion. Such order of remand was en-
tered directing the trial judge to hear
the motion and certify to this court
whether the same should be granted or
denied. A second evidentiary hearing
was then held and the trial judge made
additional findings of fact based upon
the newly discovered evidence and ap-
proved and affirmed all of the previously
made and filed findings of fact. The ad-
ditional findings are reported in Car-
penter v. Crouse, Warden, supra, and
need not be reiterated here.

1. Carpenter v. Crouse, Warden, 279 F.Supp. 275.

■■ It is elementary that the trial judge's findings of fact will not be disturbed unless we can say that they are unsupported by the evidence and are clearly erroneous. We have carefully reviewed the entire record before us and must conclude that the findings of fact are amply supported and are not clearly erroneous. We also agree with the trial judge's legal conclusion that Carpenter has not exhausted the state court remedies presently available to him.

The case is therefore affirmed upon the basis of the reported decisions of the trial court upon the case.