**UNITED STATES of America ex rel. Odell MORTON, Jr., Relator-Appellee,**

v.

**The Hon. Vincent R. MANCUSI, Warden of Attica Prison, Attica, New York, Respondent-Appellant.**

**No. 505, Docket 30931.**

United States Court of Appeals Second Circuit.

Submitted March 22, 1967.

Resubmitted April 10, 1968.

Decided April 24, 1968.

Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, Amy Juviler, Barry Mahoney, Asst. Attys. Gen., of counsel), for respondent-appellant.

Phylis Skloot Bamberger, New York City (Anthony F. Marra, New York City, of counsel), for relator-appellee.

Before MOORE and HAYS, Circuit Judges, and ZAVATT,* District Judge.

PER CURIAM:

This is an appeal by respondent Warden from a decision and order which sustained a writ of habeas corpus. Appellee was convicted in the Oneida County Court, New York, on December 11, 1963, after a jury trial, of selling narcotics in violation of § 1751(1) of the then effective New York Penal Law, McKinney's Consol.Laws, c. 40. He was sentenced to a term of 5–10 years' imprisonment; his conviction was unanimously affirmed by the Appellate Division, Fourth Department (People v. Morton, 23 A.D.2d 629, 257 N.Y.S.2d 583), and leave to appeal to the Court of Appeals was denied.

The present proceeding was commenced by a habeas corpus petition dated March 29, 1966, which alleged that petitioner was entitled to release because there was insufficient evidence upon which to base a guilty verdict. The District Court so found, on the theory that "[a]s a matter of law, the prosecution did not establish beyond a reasonable doubt that Polemini had made an illegal buy of narcotics from the petitioner," and that "[f]undamental fairness required that the prosecution present proof that Polemini, a paid informer, had no other narcotics in his possession when he made the alleged illegal buy."

At the state trial, the principal evidence against Morton was the testimony of Joseph Polemini, a special employee of the New York State Bureau of Narcotics Control. Polemini testified that he was taken to Utica by a narcotics investigator, that he met Morton in a bar, and that Morton sold him narcotics. Polemini turned over an envelope containing narcotics to the narcotics investigator after his alleged meeting with Morton.

There was evidence that prior to the meeting Polemini had been searched by two state agents to make certain he had no narcotics on him but that between the search and the alleged sale Polemini had been alone in his hotel with his suitcase (which had not been searched).

The court below found that it was standard practice to search a special employee before he went out to make a buy but that the search of Polemini had been totally ineffective. The court, therefore, ruled that as a matter of law the prosecution did not establish guilt beyond a reasonable doubt.

Appellee argues that the District Court properly issued the writ because the State failed to meet its due process burden of establishing guilt beyond a reasonable doubt. There is no

such constitutional burden; it is sufficient that a defendant is given a fair trial in accordance with constitutionally permissible rules of procedure. The contention that a federal court should, in a collateral proceeding, review the evidence adduced at the state trial to determine if it was sufficient to sustain a conviction has been rejected many times. See e. g., Martinez v. Patterson, 371 F.2d 815 (10th Cir. 1966); Faust v. State of North Carolina, 307 F.2d 869 (4th Cir. 1962), cert. denied, 371 U.S. 964, 83 S.Ct. 547, 9 L.Ed.2d 511 (1963). Speiser v. Randall, 357 U.S. 513, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958), relied upon by appellee, does not create a different rule. That case dealt with a California statute which placed on the taxpayer, as a prerequisite of obtaining a tax exemption, the burden of filing an oath in substance that he did not advocate the overthrow of government. Since this procedure operated as a restraint on freedom of speech, the Court held it unconstitutional. Appellee did not have the burden of proving his innocence in the state court trial, nor was his freedom of speech a relevant issue therein.

Appellee cites Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (D.C.Cir.1965), apparently for the proposition that narcotics convictions based upon uncorroborated testimony are suspect. However, in that case the defendant clearly raised the defense that he did not know where he was or what he was doing seven months previously when the alleged sale of narcotics was made. The undercover agent (a police officer) also could not remember the incident except by referring to his notebook. Under those circumstances, the court in the exercise of its supervisory powers, decided that the defendant had been unduly prejudiced by the delay in the bringing of charges. Whatever the merits of *Ross* in the context in which it arose, it has no application to a defendant who in a State trial did not make any such defense.

■ Appellee also argues that since he was convicted primarily on the un-corroborated testimony of Polemini, the conviction is invalid under the doctrine of Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960) ("shuffling Sam"). While that case involved a conviction found to be based on *no* evidence, the District Court extended it to this case by holding that the State had not taken sufficient steps to guarantee the reliability of the evidence obtained from Polemini. The search of the agent or even any lack thereof, the failure to search the suitcase or the hotel room or the possibility that the agent could have obtained narcotics elsewhere were factors to be considered by the jury in arriving at its conclusion as to the credibility of Polemini's testimony. The credibility of witnesses is a question to be resolved by the jury, not by a reviewing court. United States v. Kelly, 349 F.2d 720, 780 (2d Cir. 1965); United States v. Reina, 242 F.2d 302, 307 (2d Cir.), cert. denied, 354 U.S. 913, 77 S.Ct. 1294, 1 L.Ed.2d 1427 (1957). And, of course, there is no requirement that there be more than one witness to a narcotics transaction. United States v. Reina, supra.

Reversed.