Raymond **CASIAS** and Steve O. Casias, Appellants,

v.

Wayne K. **PATTERSON**, Warden, Colorado State Penitentiary, Appellee.

No. 9886.

United States Court of Appeals
Tenth Circuit.

July 19, 1968.

Rehearing Denied Aug. 28, 1968.

CRS 1953, 48–6–2, and conspiracy to possess narcotic drugs in violation of CRS 1953, 40–7–36 by the District Court of the City and County of Denver. Concurrent sentences were imposed on each appellant for the offenses and the convictions were affirmed by the Colorado Supreme Court, Casias v. People, 415 P.2d 344, cert. denied 385 U.S. 979, 87 S.Ct. 523, 17 L.Ed.2d 441.

The federal district court granted an evidentiary hearing but the case was submitted for consideration entirely upon the state court record. We have carefully reviewed that record.

Appellants assert a right to federal relief contending denial to them of constitutional rights in four regards: unlawful arrest followed by an unlawful search, denial of a speedy trial, denial of effective assistance of counsel, and, finally that the state failed to produce any evidence justifying conviction. The first three of these points were adequately treated by each of the respective courts involved in this protracted litigation and require only passing comment here.

There is evidence that at the time of their apprehension, arrest warrants for escape from jail and for driving with a suspended license were outstanding for Steve and Raymond respectively. The evidence discovered and seized pursuant to a cursory search incident to the arrests was competent and a motion to suppress on Fourth and Fourteenth Amendments grounds was properly denied by the court. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653. Refusal by the judge at trial to allow cross-examination attacking the validity of the arrests was proper since this had been established in the prior hearing and the right to effective assistance of counsel under the Sixth Amendment was not violated thereby. Though there was considerable delay in bringing the appellants to trial, it was still accomplished within the one-year requirement of Rule 48(b), Colo.R.Crim.P., and we can find no reason for disagreeing with the holding by the Colorado Supreme Court citing Jordan v. People, 155

Samuel D. Menin, Denver, Colo. (Carl L. Harthun, Denver, Colo., was with him on the brief), for appellants.

James F. Pamp, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., and Frank E. Hickey, Deputy Atty. Gen., were with him on the brief), for appellee.

Before LEWIS, SETH and HICKEY, Circuit Judges.

LEWIS, Circuit Judge.

This is an appeal from the District of Colorado denying appellants' petition for a writ of habeas corpus.

Appellants are state prisoners having been convicted of the crimes of possession of narcotic drugs in violation of

Colo. 224, 393 P.2d 745, that the appellants failed to meet the burden of showing they were denied an expeditious trial and that they were prejudiced thereby. 415 P.2d at 347.

■■ The sufficiency of the evidence to support a state conviction is not a subject cognizable under federal habeas corpus unless the record is so totally devoid of evidentiary support as to deny due process under the Fourteenth Amendment. The test is whether the conviction rests "upon any evidence at all." Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654; Martinez v. Patterson, 10 Cir., 371 F.2d 815. Although the evidence in this case might well be held not to meet the standards of quality and quantity sufficient to sustain a federal conviction we cannot say as a matter of law or fact that the record contains *no* probative evidence of guilt.

Appellants were stopped and arrested while driving an automobile on the streets of Denver. Raymond Casias was driving and Steve was a passenger. The search of the person of Steve produced a hypodermic needle and an eyedropper-type of syringe. Expert testimony indicated that the eyedropper contained a residue of dilaudid, a derivative of morphine and within the statutory proscription. The quantity of contraband found upon Steve was minute [1] but Colorado has rejected the claim that the crime of possession is dependent upon quantity and is not concerned with "trifles." Duran v. People, 145 Colo. 563, 360 P.2d 132.

Raymond, as stated, was the driver of the car and thus in actual possession of the vehicle. Found near him on the seat was a fire-blackened spoon which also was determined to hold a minute quantity of dilaudid. Possession of the spoon could be inferred to rest with Raymond.

The evidence of conspiracy between the two defendants to possess narcotics is very weak but, again, we cannot say such evidence is totally non-existent. Appellants were together, each in possession of the same prohibited drug and each in possession of crude but common instruments associated with the use and possession of narcotics. Due process is denied when conviction results without any evidence of guilt but not otherwise. Cf. Garner v. State of Louisiana, 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207.

Affirmed.

---

1. The testimony indicated that the quantity was about a "thousandth of a gram" and erroneously termed it a "microgram." The experts testified they were accustomed to working with this amount every day.