Theodore R. NANCE, Appellant,

v.

J. E. BAKER, Warden of the New Mexico State Penitentiary, Appellee.

No. 9940.

United States Court of Appeals
Tenth Circuit.

Sept. 16, 1968.

---

* * * * * "

Thomas O. Olson, Special Asst. Atty. Gen., for appellee.

Before MURRAH, Chief Judge, and SETH, Circuit Judge.

## PER CURIAM.

Nance, a state prisoner, pleaded guilty to armed robbery and was sentenced to a term of imprisonment. A state habeas corpus proceeding resulted in his release on the ground that he had been denied effective assistance of counsel. Nance was re-tried and conviction by a jury. The conviction was affirmed on appeal. State v. Nance, 77 N.M. 39, 419 P.2d 242 (1966). He appeals from the denial of a petition for a federal writ of habeas corpus.

Although counsel for appellee does not urge summary affirmance on the ground that Nance has failed to exhaust available state remedies as required by 28 U.S.C. § 2254, it does not appear that the appellant sought to utilize any state post conviction remedy following his trial, conviction, and appeal to the New Mexico Supreme Court. This is a failure to exhaust available state remedies. Brown v. Crouse, 395 F.2d 755, 10th Cir. May 6, 1968.

The federal district court held an evidentiary hearing, treated the issues on the merits,[1] and denied the petition for a

1. All but one of the issues presented to the federal district court were ruled on by the highest court of the state in the appeal from the conviction. The issue not presented to the state court—the question of the finality of the judgment and sentence—was not considered by the district court and will not be discussed herein.

writ of habeas corpus. Under these circumstances the ends of justice and the conservation of judicial energy would not be best served by remanding the cause to the district court with instructions to vacate its judgment and dismiss the petition for failure to exhaust available state remedies. Cf. Capps v. Patterson, 398 F.2d 345 (10th Cir., July 10, 1968). We therefore proceed to the merits of appellant's claims.

Nance contends that the trial court erred in denying his motion for a directed verdict, and that there was insufficient evidence to convict him of armed robbery. "It is elementary that neither habeas corpus nor § 2255 [2] may be used as a substitute for direct appeals and may be used to collaterally attack a judgment of conviction only when the constitutional rights of the accused are in issue." Kinnell v. Crouse, 384 F.2d 811 at 813, 10th Cir. 1967. See also, Burns v. Crouse, 353 F.2d 489, 10th Cir. 1965. The test in a collateral attack is whether the conviction rests "upon any evidence at all." Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960); Martinez v. Patterson, 371 F.2d 815, 10th Cir. 1966; Hall v. Crouse, 339 F.2d 316, 10th Cir. 1964. A review of the record shows there was ample evidence and Nance's constitutional rights have not been violated. See also, Casias v. Patterson, 398 F.2d 486 (10th Cir., filed July 19, 1968.)

Nance claims that a person who aids and abets may not be tried as a principal but "one can be guilty as a principal for violation of a felony when in law and in fact he aids and abets the commission of a crime." Miller v. Crouse, 346 F.2d 301 at 305, 10th Cir. 1965. See also, White v. United States, 366 F.2d 474, 10th Cir. 1966.

Appellant contends that he involuntarily confessed to the crime because of promises made to him by the dis-trict attorney. The evidentiary hearing in the federal district court was primarily concerned with this allegation. After hearing conflicting testimony, the court found that the confession was voluntary. The recognized rule of appellate review is to not weigh conflicting evidence or pass upon the credibility of witnesses. Johnson v. United States, 380 F.2d 810, 10th Cir. 1967. The finding of voluntariness by the district court is supported by the evidence and will not be set aside.

Nance contends that the confession was held involuntary [3] by the state court which granted his initial petition for habeas corpus and that this finding is res judicata. The short answer is that "res judicata is inapplicable in habeas proceedings." Fay v. Noia, 372 U.S. 391, 423, 83 S.Ct. 822, 840, 9 L.Ed.2d 837 (1963).

The appellee's motion to affirm is granted and the judgment is affirmed.

---

2.  28 U.S.C. § 2255.

3.  The New Mexico Supreme Court ruled that the finding was gratuitous since the writ was issued because of ineffective assistance of counsel. State v. Nance, supra.