Larry G. **LINEBARGER**, Appellant,

v.

**STATE OF OKLAHOMA and Ray H. Page, Warden, Appellees.**

No. 9892.

United States Court of Appeals Tenth Circuit.

Dec. 10, 1968.

Certiorari Denied March 24, 1969.

See 89 S.Ct. 1218.

**1093**

Mac Oyler, Oklahoma City, Okl., for appellant.

Charles L. Owens, Asst. Atty. Gen., Oklahoma City, Okl. (G. T. Blankenship, Atty. Gen. of Oklahoma, Oklahoma City, Okl., on the brief), for appellees.

Before LEWIS, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

Appellant, a state prisoner, takes this appeal from an order, entered after an evidentiary hearing, denying his petition for a writ of habeas corpus.

Appellant was tried by a jury and convicted of second degree burglary in the state district court of Tulsa County, Oklahoma. As a result of appellant's prior criminal record the jury, acting pursuant to the state habitual criminal statute, assessed the punishment at an indeterminate sentence of from five to fifteen years in the state penitentiary. Following an unsuccessful appeal to the Oklahoma Court of Criminal Appeals, Linebarger v. Oklahoma, 420 P.2d 918 (Okl.Cr.App.1966), and a similarly unsuccessful petition for state habeas corpus relief, Linebarger v. Page, 429 P.2d 540 (Okl.Cr.App.1967), a writ of habeas corpus was sought in the federal district court. An evidentiary hearing was held primarily to determine whether the state prosecutor had commented as to the appellant's failure to take the witness stand to testify in his own behalf at the trial. Concluding that the alleged improper remark had not been made, and that the other contentions were equally without merit, the court denied the writ and dismissed the petition prompting this appeal.

■■■ Because of the fact that the closing arguments to the jury in the original trial had not been recorded, appellant produced various witnesses at the evidentiary hearing in an attempt to establish that the state prosecutor had directed the jury's attention to appellant's failure to take the stand.[1] To this end, the appellant, his father, his mother, his sister, his former wife and two of the state trial jurors, testified that they thought they remembered the prosecutor pointing his finger at the appellant and exclaiming: "Larry Gail Linebarger, why don't you take the stand in your own defense? Because you know you are guilty." Appellant's retained counsel testified that he did not recall the alleged incident. He was convinced that had it occurred he would have instantly recognized such a blatant error and would have then called in a court reporter in order to preserve the statement in the record. The state prosecutor categorically denied having made the statement. The district court, noting that the trial judge was an experienced jurist who would not have allowed such conduct, concluded that the testimony of the appellant, his relatives and the two somewhat uneducated jurors[2] was lacking in persuasion. The court thus determined that the alleged improper conduct had not taken place.

■■■ The finding that the improper statement was not made is a finding of fact which is, as are all similar findings of fact by the district court after the holding of an evidentiary hearing, to be sustained unless clearly erroneous.[3] It is also well recognized that in these circumstances an appellate court will not weigh conflicting evidence or pass upon the credibility of witnesses.[4] Applying these principles to the present case, it follows that this court is not left with

---

1. It is undisputed that to comment upon the accused's failure to testify in his own behalf is violative of the Fifth Amendment. Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

2. Subsequent to the evidentiary hearing, appellant contacted a third state trial juror who indicated that he too recalled the improper statement. Nevertheless, a petition for rehearing was denied by the district court on the basis that the testimony

of additional jurors would not alter the conclusion that the remark had not been spoken.

3. Rule 52(a) Fed.R.Civ.P.; Carpenter v. Crouse, 389 F.2d 53 (10th Cir. 1968); Lattin v. Cox, 355 F.2d 397 (10th Cir. 1966); Latham v. Crouse, 347 F.2d 359 (10th Cir. 1965).

4. Nance v. Baker, 400 F.2d 864 (10th Cir. 1968); Johnson v. United States, 380 F. 2d 810 (10th Cir. 1967).

a definite and firm conviction that a mistake had been committed and therefore the district court decision must stand.

■ Admittedly the court quite improperly indicated that the decision was based in part upon the absence of any action by the experienced state trial judge which the court felt would have ensued had the alleged incident occurred. It cannot be gainsaid that any reliance upon the competency of the presiding judge is wholly inappropriate. Nonetheless, it is apparent that the finding that the statement was not made, was not the result of a misplaced reliance upon a personal knowledge of the qualifications of the trial judge, but rather resulted from the express denials by both trial counsel and the court's assessment of the persuasiveness of the testimony of the witnesses for the appellant. It is obvious that most of appellant's witnesses did not comprehend the significance of recalling the exact phrasing employed in making the alleged statement. One witness specifically admitted upon cross-examination that the prosecutor might merely have said that the evidence was overwhelming in view of the fact that the defense had been unable to offer any contradictory evidence. It follows that the trial court's determination as to the credibility to be given the testimony of the appellant, his relatives and the jurors, together with the firm denials by both trial counsel constitutes a sufficient basis to support the finding that the improper remarks were not in fact spoken.

■■ During the course of charging the jury as to the law to be applied in determining the appropriate sentence to be meted out to the appellant, the court instructed the jury that: "If you assess under the Indeterminate Sentence Law, the Pardon and Parole Board is required to review the defendant's case at the end of the minimum term, and it will be for them to determine whether he serve longer than the minimum term you fix." This instruction is identical to that given by the same trial judge in another case which was later held on appeal to be erroneous, Carr v. Oklahoma, 417 P.2d 833 (Okl.Cr.App.1966). Accordingly, there is little doubt that the giving of that particular instruction was a matter that could have been cited as error upon a direct appeal to the appropriate state tribunal. Nevertheless, habeas corpus is not available to set aside a conviction on the basis of erroneous jury instructions unless the error has such an effect upon the trial as to render it so fundamentally unfair that it constitutes the denial of a fair trial in the constitutional sense.[5] Because the instruction at issue here was not such as would operate to deprive the appellant of a fair trial, the district court was correct in concluding that a federal question was not presented.[6]

■■ As a final ground for reversal of the district court, it is argued that the court was in error in determining that appellant was not denied the effective assistance of counsel in derogation of the Sixth Amendment. To support this assertion appellant cites various instances of supposed research and tactical failings on the part of his trial counsel. It has been firmly established that to sustain a claim of incompetent counsel it is necessary to demonstrate "that the representation was such as to make the trial a mockery, a sham or a farce."[7] Here the appellant was represented by experienced counsel of his own

---

5. Martinez v. Patterson, 371 F.2d 815 (10th Cir. 1966); Woods v. Munns, 347 F.2d 948 (10th Cir. 1965); Alexander v. Daugherty, 286 F.2d 645 (10th Cir. 1961).

6. See, Pierce v. Page, 362 F.2d 534 (10th Cir. 1966).

7. E. g., Tafoya v. United States, 386 F.2d 537, 540 (10th Cir. 1967); Johnson v. United States, 380 F.2d 810, 812 (10th Cir. 1967); Goforth v. United States, 314 F.2d 868 (10th Cir. 1963), cert. denied 374 U.S. 812, 83 S.Ct. 1703, 10 L.Ed. 2d 1035.

selection. The alleged mistakes in trial tactics and somewhat careless preparation, even if proved, clearly did not reduce the trial to a mockery of justice.[8]

Affirmed.

Guy B. Scott, Jr., Athens, Ga., for appellants.

8. Cf., Edwards v. United States, 103 U.S. App.D.C. 152, 256 F.2d 707 (1958), cert. denied 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82; Felton v. United States, 83 U.S.App.D.C. 277, 170 F.2d 153 (1948), cert. denied 335 U.S. 831, 69 S.Ct. 18, 93 L.Ed. 385. Accused persons are not guaranteed the assistance

of counsel who do not make mistakes. Odom v. United States, 377 F.2d 853 (5th Cir. 1967).