**Karl GERCHSHEIMER, Plaintiff-Appellee,**

v.

**AMERICAN HERITAGE BANK AND TRUST CO., Defendant-Appellant.**

No. 697–69.

United States Court of Appeals, Tenth Circuit.

Jan. 29, 1971.

Robert W. Johnson, Colorado Springs, Colo., for appellant.

C. Anthony Friloux, Jr., Houston, Tex. (Eddington & Friloux, Houston, Tex., and Jack Kent Anderson, Wormwood, Wolvington, Renner & Dosh, Denver, Colo., on the brief), for appellee.

Before JONES,* BREITENSTEIN and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

In this diversity suit appellee Gerchsheimer (hereafter Gerchsheimer sought recovery against appellant American Heritage Bank and Trust Company (hereafter the bank) and the bank's president, Mr. Gerber (hereafter Gerber), of a commission for locating a buyer of corporate shares held by the bank as trustee. The case was tried to the court and findings and conclusions adverse to the bank were entered. Judgment was awarded against the bank and for Gerchsheimer for $16,630.29, as the amount of the commission remaining due after payment of a commission to a company that arranged the sale at Gerchsheimer's request. Gerchsheimer was not a licensed dealer in securities under the Texas Blue Sky Law. In seeking reversal appellant principally argues: (1) that recovery is barred since Gerchsheimer was not licensed as a dealer and the sale was not within any exemptions from the licensing requirement; and (2) that he was not the procuring cause of the sale. We do not agree with appellant's contentions and affirm.

The findings of fact were based on stipulations and testimony showing the following. A contractual offer was made to Gerchsheimer by the bank in a letter from Gerber. It offered a commission of $1 per share for obtaining a buyer for shares of stock of a Texas corporation held by the bank as trustee under trust agreements created by a Mr. Miller and his mother, individual settlors, the beneficiaries being Mr. Miller's wife and children. This offer was made on December 5, 1967, and specified a minimum sale price for the stock of $42.00 per share and was conditioned on

---

* Of the United States Court of Appeals for the Fifth Circuit, sitting by designation.

sale by January 1, 1968. Ten (10) days later the bank increased the sale price to $43.50 per share, but did not otherwise modify the offer.

There was also proof that Gerchsheimer contacted Mr. Brandenberger, manager of the bond department of Hutton & Co., of Houston, to assist in finding a buyer; that, as suggested by Gerchsheimer in discussions with Brandenberger, some of which were in Gerber's presence, Hutton & Co. pursued efforts to make the sale; that Brandenberger called Gerchsheimer and said he felt he could sell at $43.50 per share; and that as a result of this conversation, Brandenberger contacted Gerber. Gerchsheimer did not know who the buyer was. Brandenberger testified that it was as a result of Gerchsheimer's discussions with him that Hutton & Co. made the sale of the stock to First of Texas Corporation.

There was further proof that this sale was arranged at $43.50, with the 28,068 shares of stock being transferred to Hutton & Co.; that at the closing on December 28 Gerchsheimer, Gerber and several others were present and Gerber gave no indication of disavowing the arrangement with Gerchsheimer. Hutton & Co. requested payment of $11,437.71 as a commission, which the bank paid. Before and at the closing Gerber offered payment of a commission to Gerchsheimer at $1.00 per share less the amount paid to Hutton & Co.

Gerber testified that he understood that Gerchsheimer had located the buyer, because he so stated; that Gerchsheimer represented that he was a licensed dealer, which was denied; and that he, Gerber, had himself requested Brandenberger's assistance on December 15 and that Gerchsheimer said "* * * this leaves me out." However, Gerber's version of the circumstances in denying liability was not adopted in the trial court's findings.

Gerchsheimer continued to claim that he was due a commission of $28,068.00, and sued for this amount. His recovery was reduced to $16,630.29 in the judgment.

■ First, appellants urge that since Gerchsheimer was not a licensed Texas dealer in securities, recovery by him is barred by the Texas Blue Sky Law. See Vernon's Ann.Civ.St. art. 581–34.[1] The trial court concluded that because Hutton & Co. and First of Texas Corporation were registered dealers under the Act, the transaction was exempted as a sale to a registered dealer, as provided by art. 581–5, subd. H of the Act exempting a sale "* * * to any registered dealer actually engaged in buying and selling securities * * *." We agree.

■ In connection with their arguments under the Act appellants say that the exemption pertaining to sales to registered dealers is inapplicable in view of the provisions of art. 581–5, subd. C(1).[2]

1. Article 581–34 provides:

"*Art. 581–34. Actions for Commission: Allegations and Proof of Compliance*

No person or company shall bring or maintain any action in the courts of this state for collection of a commission or compensation for services rendered in the sale or purchase of securities, as that term is herein defined, without alleging and proving that such person or company was duly licensed under the provisions hereof and the securities so sold were duly registered under the provisions hereof at the time the alleged cause of action arose; provided, however, that this section or provision of this Act shall not apply to the exempt transactions set forth in Section 5 of this Act nor to the sale and purchase of exempt securities listed in Section 6 of this Act, when sold by a registered dealer. Acts 1957, 55th Leg., p. 575, ch. 269, § 34."

2. We emphasize below the portion of the statute relied on by appellants in art. 581–5, subd. C(1), which provides an exemption for:

"C.(1) Sales of securities made by or in behalf of a vendor, whether by dealer or other agent, in the ordinary course of bona fide personal investment of the personal holdings of such vendor,

Under this portion of the statute appellants argue that no exemption may apply where a vendor makes such a sale for the benefit of any "company or corporation;" that the term "company" includes any "person" under the statutory definitions given in art. 581–4, subd. B; and that, therefore, the sale for the benefit of the persons who were beneficiaries of the trust bars the application of *any* exemption under the statute.

We cannot agree.

The provision relied on is attached to an exemption of sales made by a vendor in isolated transactions to invest his personal holdings. This limiting provision is tied to "such sales or offerings." It does not apply wholesale to all exemptions under Section 5. And it does not seem that the limitation where the vendor is dealing for the benefit of others was intended to affect the separate exemption in art. 581–5, subd. H. Under the wording of art. 581–5, subd. C(1) we feel that this limitation on exemptions dealing with vendors in no way applies to the exemption of sales to the vendee who is a registered dealer. We have considered other authorities and arguments that the exemption under art. 581–5, subd. H does not apply but are satisfied that it is applicable so that the commission may be recovered. See Dunnam v. Dillingham, 345 S.W.2d 314, 318 (Tex.Civ.App.)

Secondly, appellants contend that Gerchsheimer failed to establish that the vendees were registered dealers actually engaged in buying and selling securities within the meaning of the exemption provided by art. 581–5, subd. H of the Act. The statute does limit this exemption to "* * * any registered dealer actually engaged in buying and selling securities * * *" and the Texas courts have said that it must be shown that securities transactions are the main course of business of the registered transferee for the exemption to apply. See Development Investment Corporation v. Diversa, Inc., 393 S.W.2d 653, 657 (Tex.Civ.App.1965). As to both E. F. Hutton & Co. and First of Texas Corporation it was stipulated that they were registered dealers under the Act. There also was testimony that the companies were securities dealers in Houston. While the proof was sparse we feel it is sufficient to support the findings and conclusions of the trial court that the sale was made to registered dealers within the exemption of art. 581–5, subd. H of the Act. The weighing of the evidence was for the trial court and we will not disturb the findings which were not clearly erroneous. Rule 52(a), F.R.Civ.P.; Linebarger v. State of Oklahoma, 404 F.2d 1092 (10th Cir.), cert. denied, 394 U.S. 938, 89 S.Ct. 1218, 22 L.Ed.2d 470.[3]

or change in such investment, if such vendor is not engaged in the business of selling securities and the sale or sales are isolated transactions not made in the course of repeated and successive transactions of a like character; *provided, that in no event shall such sales or offerings be exempt from the provisions of this Act when made or intended by the vendor or his agent, for the benefit, either directly or indirectly, of any company or corporation except the individual vendor* (other than a usual commission to said agent), and provided further, that any person acting as agent for said vendor shall be registered pursuant to this Act."

3. In its conclusions the trial court stated that "* * * both E. F. Hutton and Company and the First of Texas Corporation were registered under the Security Act of the State of Texas and that the transaction in question was exempt as a sale to a registered dealer under 581–5, subd. H of Vernon's Annotated Texas Statutes." Earlier in the record there was discussion by the trial court from the bench questioning the sufficiency of the proof that Hutton & Co. was actually engaged in buying and selling securities, but the Court concluded that the exemption applied. In view of the analysis by the trial court of the proof under the full requirements of the statute, and the ultimate findings and conclusions entered, we agree that the exemption under art. 581–5, subd. H. applies.

**1336**

Third, appellant argues that Gerchsheimer was not the procuring cause of the sale. It was found by the trial court that Gerchsheimer "* * * did find a bona fide buyer and that it was through the efforts of the plaintiff that the First of Texas Corporation became the ultimate purchaser of the stock." The test is whether the efforts of the broker or dealer were the procuring cause of the sale. See Green v. Gladden, 369 S.W.2d 69 (Tex.Civ.App.), and Metal Structures Corp. v. Bigham, 347 S.W.2d 270 (Tex.Civ.App.). While contacts with First of Texas Corporation came through Hutton & Co., nevertheless the enlistment of their assistance to Gerchsheimer was known to appellant and not objected to but acquiesced in by it. Under such circumstances the efforts of Hutton & Co. should be deemed to be a part of the services of Gerchsheimer for which the agreed commission is due. See Nemir v. Bennett, 238 S.W. 998, 1002–1003 (Tex.Civ.App.).

We conclude that the contentions discussed above, and remaining arguments which are related and do not require further discussion, do not justify disturbing the judgment.

Affirmed.