**UNITED STATES ex rel. Dennis E. PEARSON, Petitioner-Appellant,**

v.

**Frederick E. ADAMS, Respondent-Appellee.**

**No. 317, Docket 72-1713.**

United States Court of Appeals, Second Circuit.

Argued Nov. 2, 1972.

Decided Nov. 15, 1972.

Michael Avery, New Haven, Conn., for petitioner-appellant.

Vincent J. Scamporino, Middletown, Conn., for respondent-appellee.

Before LUMBARD, FEINBERG and OAKES, Circuit Judges.

PER CURIAM:

Dennis E. Pearson was convicted in the Superior Court for Middlesex County of possession and sale of marijuana in violation of Conn.Gen.Stat. §§ 19-480 (a), 19-481(b).[1] His conviction was affirmed by the Supreme Court of Connecticut. State v. Pearson, 295 A.2d 556 (Conn.1972) (per curiam). Pearson then applied in the United States District Court for the District of Connecticut for a writ of habeas corpus, claiming that his state court conviction denied him due process because there was not sufficient proof to convince the jury of his guilt beyond a reasonable doubt. Chief Judge Blumenfeld held, however, that a state prisoner may not use habeas corpus to test the sufficiency of the evidence against him and that in this respect a federal court may only inquire as to whether there was any evidence to support the conviction. See United States ex rel. Morton v. Mancusi, 393 F.2d 482 (2d Cir.) (per curiam), cert. denied, 393 U.S. 927, 89 S.Ct. 262, 21 L.Ed.2d 264 (1968). Since there was such evidence, the judge denied the petition.

On appeal, Pearson claims that the rule relied on by the district court has been changed by In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), which held that "the Due Process Clause protects the accused against conviction

---

1. Pearson received a five-to-six year sentence for the sale and a one-year suspended sentence for possession. The severity of this punishment for a single $55 sale of marijuana reflects the statutory five-year minimum requirement. Conn.Gen. Stat. § 19-480(a).

except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." Id. at 364, 90 S.Ct. at 1073. According to appellant, the combined effect of *Winship* and our own recent ruling in United States v. Taylor, 464 F.2d 240 (1972), is that in a habeas corpus proceeding brought by a state prisoner, the federal court must satisfy itself that there was sufficient evidence to allow a jury to find guilt beyond a reasonable doubt.

We affirm the judgment of the district court. There is no contention that the jury in this case was improperly charged on the standard of guilt beyond a reasonable doubt. Having reviewed the record before us, we find that there was sufficient evidence for a jury correctly instructed to find appellant guilty. Therefore, we do not consider appellant's argument regarding the effect of *Winship*. But see Holloway v. Cox, 437 F.2d 412 (4th Cir. 1971) (rejecting similar contention).

We commend Michael Avery, assigned counsel, for the excellence of his brief and oral argument.