Floyd Woodrow **HINES**, Petitioner,

v.

**J. E. BAKER**, Warden, Respondent.

Civ. No. 7342.

United States District Court,
D. New Mexico.

March 27, 1968.

Affirmed 10 Cir., 422 F.2d 1002.

Heister H. Drum, Albuquerque, N. M., for petitioner.

Donald W. Miller, Sp. Asst. Atty. Gen., Santa Fe, N. M., for respondent.

## MEMORANDUM OPINION

BRATTON, District Judge.

This matter came on for hearing before the Court upon a Petition for a writ of habeas corpus directed to the Respondent Warden of the New Mexico State Penitentiary. Petitioner is confined by the Warden pursuant to a commitment issued by the District Court of Colfax County, dated April 18, 1959, sentencing Petitioner to a term of life imprisonment for the crime of murder in the first degree. Petitioner claims that he is illegally detained because (1) he was inadequately represented by counsel before and during his trial; (2) the felony murder statute under which he was sentenced is so broad and vague as to be unconstitutional, and (3) he has not been furnished a transcript of the trial proceedings.

The Court having heard and considered the evidence adduced, including the testimony and the exhibits, files this Memorandum Opinion as its Findings of Fact and Conclusions of Law.

■ Gordon Robertson, Esq. of Raton, New Mexico, was appointed to defend Petitioner on the first degree murder charge filed in 1958. Petitioner claims that he was inadequately represented because he had no preliminary hearing, the trial jury was not sequestered, and his counsel did not object to the accusation by a witness that Petitioner was lying. The record disputes Petitioner's contentions. There was a preliminary hearing. His counsel represented him with diligence from appointment through trial, and spent countless days working on the case. Petitioner's allegations against counsel who conscientiously represented him are hardly worth consideration. Dissatisfaction with the results of a trial is no basis for a claim of inadequate representation.

■ The Supreme Court of New Mexico considered Petitioner's constitutional objection to the felony murder statute in State v. Hines, 78 N.M. 471, 432 P.2d 827. For the reason stated therein this Court likewise rejects Petitioner's claim in this regard.

Subsequent to the trial there was some discussion relative to an appeal, and both Petitioner and his counsel agreed that no appeal should be taken. This decision was partly influenced by concern that if a reversal were obtained there could be the possibility of a death sentence if a verdict of guilty resulted from a new trial. Accordingly, there

was no transcript of the trial, and there has been none to this date.

 Petitioner claims that he is entitled to a transcript so that he may search for a ground of relief. There is no right to obtain a transcript without some showing as to a reason therefor.

The evidence presented at the hearing in this cause in support of the allegations made lacks foundation to the extent that they border on frivolous. No basis is shown upon which this Court could direct the preparation of a transcript.

Petitioner is entitled to no relief and his Petition should be denied and the action dismissed.