Floyd Woodrow **HINES**, Appellant,

v.

**J. E. BAKER**, Warden, Appellee.

No. 10182.

United States Court of Appeals, Tenth Circuit.

Feb. 17, 1970.

Rehearing Denied March 11, 1970.

Morris W. Sandstead, Jr., Boulder, for appellant.

Joseph F. Baca, Sp. Asst. Atty. Gen. (James A. Maloney, Atty. Gen., State of New Mexico, on the brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

Appellant Hines seeks reversal of the trial court's denial of habeas corpus relief. Hines was convicted in 1959 of first degree murder in the District Court of Colfax County, New Mexico, and sentenced to life imprisonment and remains in State custody under that sentence. No direct appeal was taken in the State courts, but Hines collaterally attacked

the conviction and sentence by a subsequent State habeas corpus proceeding and also by the method provided under Rule 93 of New Mexico procedure. Relief was denied and the New Mexico Supreme Court affirmed. State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967).

Hines then brought this federal habeas corpus proceeding and averred that his detention is unlawful, charging lack of a preliminary hearing, inadequate representation at trial, and invalidity of the New Mexico felony murder statute under which he was tried, § 40–24–4 New Mexico Statutes Annotated 1953, which he attacks as being void for vagueness. In addition, by motion in the federal habeas corpus case Hines sought to have the trial court require the furnishing of the entire State trial proceedings for use in the federal case. The trial court denied all relief and dismissed the action. 309 F.Supp. 1017.

The judgment is affirmed.

■■ We turn to Hines' contentions on appeal. First it is argued that Hines made no intelligent and knowing waiver of his right to appeal the New Mexico conviction and that inadequacy of representation is demonstrated thereby.[1]

The trial court found that there was some discussion relative to an appeal and that Hines and his trial attorney agreed that none should be taken, partly due to concern over a possible death sentence if a reversal and new trial were obtained. Hines' statements were not clear.[2] The

trial attorney testified that such discussion occurred and that Hines was quite willing to forego the appeal. Hines' argument that his attorney's uncertainty over a possible death sentence on retrial showed incompetence is unconvincing, and concern over such a possibility was well-founded. See, e. g., Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 13. Since the trial court's finding of counsel's competence is amply supported and not clearly erroneous, it may not be disturbed. Carpenter v. Crouse, 389 F.2d 53 (10th Cir.), cert. denied, 390 U.S. 1046, 88 S.Ct. 1648, 20 L.Ed.2d 308; Linebarger v. State of Oklahoma, 404 F.2d 1092 (10th Cir.), cert. denied, 394 U.S. 938, 89 S.Ct. 1218, 22 L.Ed.2d 470. Cases relied on by Hines[3] are clearly distinguishable ones involving a lack of counsel relative to the right to appeal. Since the supported finding is that Hines agreed to forego the appeal after discussion with counsel, on this issue we conclude that there was no constitutional infringement.[4]

Secondly Hines contends that the New Mexico felony murder statute invoked against him is unconstitutional. His argument is that the statute incorporates by reference all felonies under New Mexico law and is void for vagueness, thereby violating principles of due process. The New Mexico Supreme Court rejected the contention on the ground that it was not shown how the claimed unconstitutional vagueness applied to Hines. State v. Hines, supra. The trial court's memo-

---

1. This issue is not shown to have been raised in the State post-conviction proceedings. However, the State has made no objection to consideration of the issue on appeal. Moreover it was decided by the trial court. In these circumstances we conclude that we should consider the issue. See Tolg v. Grimes, 355 F.2d 92, 97 (5th Cir.), cert. denied, 384 U.S. 988, 86 S.Ct. 1887, 16 L.Ed.2d 1005; Nance v. Baker, 400 F.2d 864 (10th Cir.), and Capps v. Patterson, 398 F.2d 345 (10th Cir.).

2. In his petition Hines states that no appeal was taken because he was advised by counsel not to do so. At the eviden-

tiary hearing he denied discussing an appeal with counsel but also stated that he did not know the meaning of an appeal and that his attorney told him that he did not stand too good a chance on appeal and could be tried again and still receive the death penalty. He said he relied on his attorney's advice as to whether an appeal should be taken.

3. Wynn v. Page, 369 F.2d 930 (10th Cir.); Chase v. Page, 343 F.2d 167 (10th Cir.); and Hannigan v. United States, 341 F.2d 587 (10th Cir.).

4. See Hall v. Peyton, 299 F.Supp. 613 (W.D.Va.).

randum opinion dismissed the argument for the same reason.

Although the information under which Hines was prosecuted is not in the record here, the earlier criminal complaint alleges one count for murder and one for felony murder. It is common ground apparently that Hines was convicted after presentation of both theories, as is possible where an election by the State is not compelled. See State v. Smith, 51 N.M. 184, 181 P.2d 800, 805. Thus, the felony murder statute was invoked against Hines and he makes the direct attack that because of its vagueness in defining conduct proscribed by it, on its face it is void *in toto*. We conclude that in such circumstances the vagueness issue is raised by Hines. See United States v. Petrillo, 332 U.S. 1, 5–6, 67 S.Ct. 1538, 91 L.Ed. 1877. Therefore we will consider this constitutional claim.

The New Mexico felony murder statute in force at the time of the offense and trial provided in substance that any killing committed in the perpetration or attempted perpetration of any felony was deemed murder in the first degree.[5] Under due process principles a statute is void for vagueness where one may not reasonably understand that contemplated conduct is covered by the criminal statute. United States v. National Dairy Corporation,

372 U.S. 29, 32–33, 83 S.Ct. 594, 9 L.Ed. 2d 561; United States v. Harriss, 347 U.S. 612, 617, 74 S.Ct. 808, 98 L.Ed. 989. Men of common intelligence cannot be required to guess at a criminal enactment, Winters v. New York, 333 U.S. 507, 515, 68 S.Ct. 665, 92 L.Ed. 840, and the statute must give " * * * men in acting adequate notice of what is prohibited." Ginsberg v. New York, 390 U.S. 629, 643, 88 S.Ct. 1274, 1282, 20 L.Ed.2d 195; Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498. The statute is assailed as too vague because it incorporates by reference all felonies under State law. We cannot agree. While its compass was broad, the statute was sufficiently clear—it condemned all killing in the perpetration or attempted perpetration of felonies as first degree murder. Such incorporation by reference to other defined offenses is not impermissibly vague.[6] Moreover the claim of uncertainty as to whether particular conduct might be a felony or a misdemeanor is untenable. " * * * [T]he law is full of instances where a man's fate depends on his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree." Nash v. United States, 229 U.S. 373, 377, 33 S.Ct. 780, 781, 57 L.Ed. 1232. Therefore, we reject the general claim of vagueness directed against the felony murder statute.

5. § 40–24–4, New Mexico Statutes Annotated 1953, which was in force in 1958 at the time of the offense and in 1959 at the time of trial, provided:
"All murder which shall be perpetrated by means of poison or lying in wait, torture, or by any kind of wilful, deliberate and premeditated killing, or which is committed in the perpetration of or attempt to perpetrate any felony, or perpetrated from a deliberate and premeditated design unlawfully and maliciously to effect the death of any human being, or perpetrated by any act greatly dangerous to the lives of others, and indicating a depraved mind regardless of human life, shall be deemed murder in the first degree; and all other kinds of murder shall be deemed murder in the second degree."
§ 40–1–3, N.M.S.A.1953, (amended in

1957), in effect at the time of the offense and trial, declared a felony to be:
"a public offense punishable by death, or which is, or may be in the discretion of the court, punishable by imprisonment in the penitentiary for more than one year; or a public offense which is expressly declared to be a felony."

6. See, *e. g.*, Fox v. Washington, 236 U.S. 273, 35 S.Ct. 383, 59 L.Ed. 573; Smith v. United States, 356 F.2d 868, 870–871 (8th Cir.), cert. denied, 385 U.S. 820, 87 S.Ct. 44, 17 L.Ed.2d 58; Shaw v. Garrison, D.C.La., 293 F.Supp. 937, aff'd., 393 U.S. 220, 89 S.Ct. 453, 21 L.Ed.2d 392; and Dean v. North Carolina, D.C. N.C., 269 F.Supp. 986; *cf.* Jordan v. DeGeorge, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886.

■ Hines advances a related argument that the felony murder statute makes an unreasonable classification by failing to exclude from its coverage felonies not dangerous to human life. However, in connection with this contention he has failed to show that any such invalid application of the statute to him was involved.[7] For this reason this claim of unreasonable classification is not reached or decided.

■ In connection with the argument on vagueness Hines makes a related Sixth Amendment contention. He says that the information in alleging a felony murder failed to charge what other felony was involved so as to afford notice to him, again denying due process. However, the record shows that numerous motions were directed to the alleged indefiniteness of the information. Hines' attorney testified that he received more details by bills of particulars than the State wished to divulge, although considerably less than he had hoped. Hines' own motions refer to allegations of robbery, wounding and death of one DeSalle, and to taking of a motor vehicle. In any event the record does not contain the information or the bills of particulars. Therefore, we cannot consider or decide the merits of this contention since the record in no way shows the contents of the criminal information which is challenged or the bills of particulars.[8]

■ Third, Hines argues that as an indigent he is deprived of a transcript of the original New Mexico criminal trial proceedings for use in his federal habeas corpus case, and has therefore been denied equal protection in violation of his federal constitutional rights. The trial court disposed of each particularized complaint about the original trial without a transcript, and rejected the contention that Hines is entitled to a transcript to search for a ground for relief, as this Court has held.[9]

We now have the recent decision of the Supreme Court in Wade v. Wilson, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 involving a claim for a transcript. However, the Court did not decide the question argued as to whether the State must furnish a transcript to aid an indigent petitioner for collateral relief, who does not specify errors claimed in a conviction. Instead the Court remanded to permit the case to be retained on the trial court's docket pending further efforts by the petitioner to obtain access to the transcript.

We have considered the *Wade* opinion and the cases relied on by Hines.[10] The

7. See Heald v. District of Columbia, 259 U.S. 114, 123, 42 S.Ct. 434, 66 L.Ed. 852; and State v. Hines, supra.

8. No assertion is made that these documents were unavailable. Several other State court documents were included in the transcript of appeal in the State Rule 93 proceedings and were furnished to Hines as an indigent, free of charge, and are in the record here.

9. Hines' position is that he needs the transcript on the question of adequacy of representation so that he may examine jury instructions, objections and the like, and also to determine whether an appeal should have been taken. Such claims for a transcript *without a showing of need* have been denied. See Martinez v. United States, 344 F.2d 325 (10th Cir.) and Frison v. United States, 322 F.2d 476 (10th Cir.); see also United States v. Shoaf, 341 F.2d 832 (4th Cir.), and Benthiem v. United States, 403 F.2d 1009 (1st Cir.).

The record of the evidentiary hearing supports the finding rejecting Hines' specified complaints against his trial counsel for alleged lack of a preliminary hearing, absence of a plea in abatement, alleged failure to object to an accusation and testimony by an adverse witness, and failure to object to separation of the jurors during the case before its submission. From the testimony of Hines and his trial counsel, and the exhibits, the finding of adequacy of representation was amply supported as against such complaints.

10. Hines relies on Gardner v. California. 393 U.S. 367, 89 S.Ct. 580, 21 L.Ed.2d 601; Long v. District Court of Iowa, 385 U.S. 192, 87 S.Ct. 362, 17 L.Ed. 2d 290; Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39; Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; Brown v. Allen, 344 U.S. 443. 73 S.Ct. 397, 97 L.Ed. 469; and Frazier v. Lane, 282 F.Supp. 240 (N.D.Ind.).

majority of this Court concludes that the denial of Hines' claim for a transcript should be affirmed for lack of merit, since *Wade* does not intimate that the State or Federal Government must furnish a transcript for exploratory use in collateral federal proceedings, nor change the rule followed by this Court against requiring such exploratory aids for collateral relief.[11]   Therefore, the trial court's ruling on this issue is also sustained.

Affirmed.

11.  Judge Holloway believes that on this record Wade v. Wilson, supra, shows that the merits of Hines' claim for a transcript should not be reached. This view is based on the lack of a showing of a request for a transcript to the New Mexico courts where some instruments have been obtained by Hines, and where a procedure may be available for such a request. See §§ 16–3–7, subd. C and 16–3–14 subd. B (N.M.S.A.1953 [effective July 1, 1969]) and The Indigent Defense Act (Sess.L.1968, Chap. 69, §§ 58–68, effective July 1, 1968).  In the light of Wade v. Wilson, it is his view that the dismissal as to this issue should be modified so as not to determine the merits of Hines' alleged right to a transcript and to provide that the dismissal not prejudice any further requests by Hines for a transcript or proceedings related thereto.  Applying the *Wade* decision, in these circumstances he would express no view as to the merits of Hines' alleged right to the original trial record.