**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Irvin FREEDMAN, Leo Greenfield, Joseph Stefan, Truman Skinner, John J. O'Connor, and Sandy C. Brous, Defendants-Appellees.**

**No. 82–5234.**

United States Court of Appeals, Eleventh Circuit.

Oct. 12, 1982.

Frank J. Marine, Atty., Dept. of Justice, Washington, D.C., for plaintiff-appellant.

E. David Rosen, Miami, Fla., for Greenfield.

William A. Meadows, Miami, Fla., for Stefan.

Bierman, Sonnett, Beiley & Shohat, Robert M. Duboff, Miami, Fla., for Skinner.

Roy E. Black, Miami, Fla., for O'Connor.

Jeffrey M. Hagen, Miami, Fla., for Brous.

Milton Grusmark, Miami, Fla., for Irvin Freedman.

Before VANCE and JOHNSON, Circuit Judges, and ALLGOOD *, District Judge.

ALLGOOD, District Judge:

On October 7, 1981, six defendants were charged in a forty-one count indictment which focused primarily on a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. (1971) (RICO). The RICO count alleged an unlawful enterprise formed to defraud the Miami National Bank. The remaining counts of the indictment alleged, inter alia, violations of the mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343, bankruptcy fraud, 18 U.S.C. § 152 and bank fraud, 18 U.S.C. § 656.[1]

During the more than three years in which the United States had investigated this case, it had compiled in excess of 300,000 pages of documents. Pursuant to a pre-trial discovery order, the United States organized these documents into the following three categories: "A"—Documents the government most likely would use at trial, "B"—Documents the government might use at trial, and "C"—Documents which most likely would not be used at trial. In addition, the trial court in its discovery order required the government to pay the total cost of copying category "A" material and one-half of the cost of copying category "B" material. The government was to furnish three sets of each of these materials at an estimated cost that would run into several thousand dollars.[2] The government refused to comply with the trial court's order to copy these voluminous documents and on January 27, 1982, at the government's request, the trial court entered an order of exclusion which provided the government a statutorily prescribed basis of appeal under 18 U.S.C. § 3731.[3]

Rule 16(a)(1)(C), *Federal Rules of Criminal Procedure,* provides as follows:

---

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. Three of the joint defendants in the case were top ranking bank officers.

2. The court notes that the cost to make six copies of the documents as originally ordered was estimated by the Xerox Corporation to be $35,000. It is presumed that the trial court's subsequent modification of the order to require only three sets of the documents would reduce that figure proportionately.

3. The appellee's argument that this court does not properly have jurisdiction to review this case is without merit. The express language of 18 U.S.C. § 3731 provides in pertinent part, as follows:

An appeal by the United States shall lie to a court of appeals from a decision or order of a district court's suppressing or excluding evidence . . . .

Documents and Tangible Objects.

Upon request of the defendant the government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of his defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

■■ The plain meaning of the language used in this pre-trial discovery rule, in addition to the comments expressed by the Advisory Committee clearly indicate that the trial court has discretion in granting discovery motions requested pursuant to Rule 16. In order for this court to disturb a discretionary discovery order on appeal, the government must establish that the trial court clearly abused its discretion. *United States v. Ross,* 511 F.2d 757 (5th Cir. 1975), *cert. denied* 423 U.S. 836, 96 S.Ct. 62, 46 L.Ed.2d 54. Therefore, the determinative issue in this case is whether the trial court abused its discretion in granting the appellee's discovery motion, which required the government at its own expense to supply copies of the material documents to the criminal defendants.

An examination of the express language contained in Rule 16 necessarily directs the conclusion that the rule does not require the government to copy or otherwise expend government funds in order to supply criminal defendants with their requested material. Rule 16 gives the defendants access to the documents so that they may copy the documents should they desire to do so. Although Rule 16 does not mandate that the government supply the defendants with discovery material, neither does it expressly prohibit the trial court from entering such an order pursuant to its discretionary authority. *United States v. Campagnuolo,* 592 F.2d 852 (5th Cir. 1979). In exercising its discretionary authority, the learned trial judge indicated that judicial efficiency and trial simplicity were the primary factors undergirding his decision to require the government to furnish the voluminous documents to the defendants. The Court notes however that at no time were the defendants denied access to the questioned documents and there was no showing that the defendants would in any way be prejudiced by their having to assume the cost and time involved to copy the requested documents. In fact, the government had already made the defendants' selection of which documents to copy less complicated and burdensome by categorizing the mass of material.

■■ Although this court recognizes the discretionary latitude which the trial court possesses with regard to discovery matters under Rule 16, the court is not inclined to view this discretion as unbridled. The trial court ordered the government to make three sets of the requested documents which would cost several thousand dollars. To mandate that the government expend both its valuable time and funds in copying documents which the defendants have requested, when Rule 16 does not expressly require such, constitutes an abuse of the trial court's discretion and places an unjustifiable expense on the United States government. Rule 2, *Federal Rules of Criminal Procedure* provides that all of the Rules of Criminal Procedure should be construed to eliminate "unjustifiable expense." The trial court has not only failed to eliminate unjustifiable expense, it has created an excessive expense on the government by ordering it to furnish three copies of the requested documents when Rule 16 does not expressly obligate the government to make even one copy of the documents.

The pre-trial discovery provided under Rule 16, while not expressly stated, should be read and applied with a limitation of reasonableness. *United States v. Smith,* 371 F.Supp. 672 (M.D.N.C. 1973). Where the defendant has in no way been prohibited from inspecting the particular documents and cannot demonstrate an undue

hardship from this availability, he should not be permitted to transfer the cost of his discovery request to the government especially where, as in the instant case, the defendants are not indigent. Notwithstanding the interest of the trial judge to promote judicial efficiency, the government should not be expected to shoulder an unreasonable cost of effecting efficient judicial disposition of criminal cases.

It is the opinion of the court that the trial court clearly abused its discretion by ordering the government to furnish the defendants with the requested documents. For the above discussed reasons, the trial court's discovery order must be reversed.

REVERSED.