931 F.2d 64
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Daniel NELSON, aka Daniel Nelson, Defendant-Appellant.
 No. 90-3268.
 United States Court of Appeals, Tenth Circuit.
 April 16, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 William Daniel Nelson appeals from the district court's denial of his motion requesting that the court furnish "Rule 16 Materials, Jencks Evidence and Transcripts." He argues that 28 U.S.C. Sec. 2250 and his "6th and 14th Amendment Rights to: the due process of law, and the equal protection of the law" compel the district court to provide him at no cost with the documents requested. The district court held that, since Mr. Nelson is represented on appeal by counsel who has full access to all requested materials, "there is simply no authority requiring that the defendant be furnished a copy of such material for his own use."
 
 
 2
 Mr. Nelson was convicted by a jury of conspiracy to possess cocaine base with intent to distribute and other drug trafficking offenses, and was sentenced to life imprisonment. As far as we can ascertain from the record, Mr. Nelson has been represented at every stage of trial and appeal by counsel. Mr. Nelson nowhere disputes this fact, other than by implication by asserting that his various post-conviction motions were filed "pro se." Mr. Nelson has filed two "pro se" requests for the district court to provide at no cost certain transcripts and materials from his trial.
 
 
 3
 The May 24, 1990 denial of his first request for "transcripts and all records" was not appealed in a timely manner. The second motion, filed August 6, 1990, and denied on August 8, 1990, requested "Rule 16 Materials, Jencks Evidence and Transcripts." We do not have jurisdiction to consider Mr. Nelson's request for information identified in the motion denied on May 24, 1990, and the request for similar information contained in the August 6, 1990 motion due to the untimely filing of the appeal concerning these materials. Fed.R.App.P. 4(b). A litigant cannot avoid appeal deadlines by simply refiling a similar motion.
 
 
 4
 Concerning the remainder of those materials requested in the August 6, 1990 motion, but not named in the earlier motion, we hold that the district court did not err in concluding that Mr. Nelson does not have a right to these materials as long as he is represented by counsel. See United States v. Freedman, 688 F.2d 1364 (11th Cir.1982) (in the context of discovery, a defendant has no right to be provided extra copies of trial documents). This court has consistently held that a habeas corpus petitioner is entitled to transcripts and other trial materials at no cost only upon a showing of need. Hines v. Baker, 422 F.2d 1002, 1006 n. 9 (10th Cir.1970). Here, Mr. Nelson is already represented by counsel who has full access to the requested materials, and therefore fails to make the requisite showing of need. Also, in Hines we held that an indigent habeas corpus petitioner does not have the right to have transcripts and other trial materials furnished at no cost simply for "exploratory use in collateral federal proceedings." Id. at 1007.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3