946 F.2d 901
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Theodore RUARK, Petitioner-Appellant,
v.
Frank GUNTER, and Gale A. Norton, Attorney General of the
State of Colorado, Respondents-Appellees.
 No. 91-1136.
 United States Court of Appeals, Tenth Circuit.
 Oct. 17, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 This is an appeal from a dismissal of a petition for habeas corpus. However, we treat the Petitioner's pro se pleadings as an application for relief under 42 U.S.C. § 1983, and not as a habeas petition. This treatment is warranted by the fact that, prior to the district court's dismissal, the Petitioner struck all counts which would warrant release as a remedy. His only remaining claim is that his Fourteenth Amendment Due Process rights had been abridged by the refusal of the state to grant his request for a free record of a trial held over 28 years ago. The relief he seeks is the record itself, not release. Accordingly, his petition is properly reviewed as one under § 1983, precluding any requirement of exhaustion of state remedies. See Monroe v. Pape, 365 U.S. 167, 183 (1961).
 The Petitioner, evidently, had hoped to use this record to attack the 1962 conviction on the grounds of ineffective assistance of counsel. The record, however, contains no specific allegations of misconduct by his counsel in that proceeding.
 Where, as here, an indigent petitioner makes no particularized showing that his rights have been violated, but merely makes conclusory allegations to that effect, he has no constitutional right to a record for the purposes of making a collateral attack on a conviction. See United States v. Malcolm, 426 U.S. 317, 326-27, 328 (1976) (plurality opinion with Blackmun, J., concurring); Hines v. Baker, 422 F.2d 1002, 1006-07 (10th Cir.1970).
 
 
 1
 Additionally, in this case, the Colorado District Court for the City and County of Denver has represented that the Petitioner was given a copy of the record. Order of June 6, 1990 at 2. We have found nothing in the record to contradict this representation.
 
 
 2
 Accordingly, the judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3