ORDER AND JUDGMENT*
NEIL M. GORSUCH, Circuit Judge.
After Melvin Collins was convicted of sexually abusing his young daughter, the district court sentenced him to 66 months in prison and a term of supervised release. Mr. Collins served his time but had difficulty complying with the conditions imposed on his release. He violated those conditions not once but many times before the court finally revoked his conditional release and ordered him to serve 41 additional months in prison.
Now challenging his new prison sentence on appeal, Mr. Collins argues that the district court failed to give him adequate notice of the conditions imposed on his release. Specifically, he says the district court didn’t tell him clearly enough that he needed to obtain sex offender treatment or risk being returned to prison. In aid of his argument, he emphasizes that 18 U.S.C. § 3583(f) requires probation officers to provide supervised release conditions that are “sufficiently clear and specific to serve as a guide for the defendant’s conduct,” and that due process requires much the same. See United States v. Kennedy, 106 Fed.Appx. 688, 691 (10th Cir. 2004) (unpublished); United States v. Spencer, 640 F.3d 513, 520 (2d Cir.2011); United States v. Stanfield, 360 F.3d 1346, 1353-54 (D.C.Cir.2004).
Whatever other problems confront this line of argument, a factual one plainly does: Mr. Collins received clear and repeated notice of his need to obtain sex offender treatment. The district court’s original judgment included “Standard Condition of Supervision No. 18.” That provision expressly required Mr. Collins to submit to sex offender treatment. See Appellant’s Opening Br. Att. B at 4. After each of his many supervised release violations, the district court issued new judgments that incorporated by reference all previously ordered release conditions. See Appellant’s Opening Br. Att. C at 4 (“All previously imposed conditions remain in full force and effect.”); Att. D at 3 (“All of the special conditions previously imposed remain in effect.”). And shortly before his revocation, the district court *809 issued yet another order instructing that all previously imposed conditions remained in effect. See Appellant’s App. Vol. I at 29. At no point did the court intimate that Mr. Collins was free to consider Condition 18 no longer operative.
Neither can we say that incorporating a prior condition of release by reference— instead of repeating it word for word in each new order occasioned by Mr. Collins’s repeated supervised release violations— failed to provide him with statutorily or constitutionally sufficient notice. To be sure, the district court had a duty to supply notice clear enough to “ ‘give the person of ordinary intelligence a reasonable opportunity to know what is prohibited’ ” and conform his actions accordingly. Kennedy, 106 Fed.Appx. at 691 (quoting Grayned v. City of Rockford, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972)). But we see no reason to think a person of ordinary intelligence would have failed to understand the necessity of seeking sex offender treatment when the requirement was clearly stated initially and then repeatedly incorporated by reference. Indeed, we have held incorporation by reference can provide fair warning in criminal statutes. See Hines v. Baker, 422 F.2d 1002, 1005 (10th Cir.1970) (“Such incorporation by reference to other defined offenses is not impermissibly vague.”); see also United States v. Lanier, 520 U.S. 259, 264-67, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997) (statute prohibiting deprivation of “rights ... secured or protected by the Constitution” could give fair warning so long as the right incorporated by reference was itself sufficiently clear). And we see no basis for a different result here, in the sentencing context with a defendant well familiar with the process. See Kennedy, 106 Fed.Appx. at 691 (“Conditions of probation may afford fair warning even if they are not precise to the point of pedantry.”) (quotation marks omitted).
Alternatively, Mr. Collins claims that the district court erred when it stated that a new prison term would allow him the chance to benefit from resident prison sex offender treatment programs. Mr. Collins says that this was error because Tapia v. United States, — U.S. -, 131 S.Ct. 2382, 180 L.Ed.2d 357 (2011), and 18 U.S.C. § 3582(a), don’t permit a court to issue a post-revocation term of incarceration based on its rehabilitative promise. Mr. Collins, however, failed to object on this basis during sentencing and so concedes he is left to proceed only under the plain error standard of review. See, e.g., United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir.2005) (en banc). To establish plain error, Mr. Collins must demonstrate the district court (1) committed error, (2) the error was plain, and (3) the plain error affected his substantial rights. If these factors are met, we may exercise discretion to correct the error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.
For purposes of our analysis we assume (without deciding) that 18 U.S.C. § 3582(a) plainly applies to the post-revocation context and that the district court rested its decision at least partially on rehabilitation, thus satisfying Mr. Collins’s burden under prongs one and two of our plain error test. But even spotting all this to Mr. Collins, we still do not see how the putative error affected his substantial rights and thus how he might satisfy the third prong of plain error review.
At plain error’s third step, “we ask only whether there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.” United States v. Hasan, 526 F.3d 653, 665 (10th Cir.2008) (internal quotation marks omitted). In this context, it is Mr. *810 Collins’s burden to show that, had the district court refrained from considering rehabilitation, it is reasonably probable it would have issued a lower sentence than it did. See United States, v. Cordery, 656 F.3d 1103, 1108 (10th Cir.2011).
Mr. Collins, however, gives us no reason to reach that essential conclusion — no reason to think that the district court would have sentenced him under any circumstances to less than 41 months. To the contrary, the 41 month term the district court issued represents the maximum sentence available and does not correspond to the length necessary to participate in any treatment program. (The only treatment program mentioned by the court requires a 30 month minimum term, much less time than the district court prescribed in prison for Mr. Collins.) Neither did the district court even cite the treatment program or its duration as a reason for its sentence. See Appellant’s App. Vol. Ill at 112-15. Instead, the court indicated that it chose the maximum available term because Mr. Collins was unable to remain on supervised release without violating his conditions and because evidence presented to the court suggested Mr. Collins was not amenable to sex offender treatment and, as a result, posed a continuing danger to the community. Id. at 112-14.
To be sure, the district court mentioned rehabilitation in the course of listing all the 18 U.S.C. § 3553(a) factors. Id. at 112. But we recently found that such a formulaic recitation of the statutorily enumerated sentencing factors supplies little indication that a court lengthened a sentence for rehabilitative purposes. See United States v. Lewis, 459 Fed.Appx. 742, 744-45, 2012 WL 503859, at *2 (10th Cir.2012) (unpublished). And that must be particularly true here, where the district court followed its recitation of all § 3553(a) factors with the explicit disclaimer that “[s]ome of these factors don’t really apply to Mr. Collins, but some of them definitely do,” Appellant’s App. Vol. Ill at 112, and then proceeded to explain its particular reasons for imposing the maximum prison term for Mr. Collins (his failure to abide prior release terms and the evidence of his continuing danger to the community) without mentioning rehabilitation. Unlike the courts in both Cordery and Tapia, then, the district court in this case never once intimated it was imposing a sentence long enough to allow Mr. Collins to receive a particular treatment program. See Tapia, 131 S.Ct. at 2385 (district court stated that the sentence had to be a certain length to allow participation in drug treatment); Cordery, 656 F.3d at 1108 (same). And given all this we simply can’t conclude that .Mr. Collins has borne his burden of showing that it is reasonably probable that the district court, fully advised rehabilitation is a forbidden consideration, would give him a shorter sentence than the one it did.
Affirmed.

 This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.