GORSUCH, Circuit Judge,
concurring.
I am pleased to concur in the court’s opinion and write to offer only a few additional thoughts.
The government admits the Supreme Court’s opinion in Tapia v. United States, — U.S. -, 131 S.Ct. 2382, 180 L.Ed.2d 357 (2011), abrogates our holding in United States v. Tsosie, 376 F.3d 1210 (10th Cir.2004). It admits Mr. Mendiola’s sentence in prison is unlawful. Still, the government says he should be kept there because his sentence isn’t plainly erroneous. Alternatively, the government says reversal isn’t warranted because the district court would have imposed the same sentence even if it hadn’t considered Mr. Mendiola’s rehabilitative needs — in this way resting on both the second and third prongs of our plain error test. See United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir.2005) (en banc) (“Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.”).
Neither argument is persuasive.
Take the government’s second argument first. For a defendant to establish that a claimed error affects his substantial rights, *1043 he must show “there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.” United States v. Hasan, 526 F.3d 653, 665 (10th Cir.2008) (internal quotation marks omitted). When revoking Mr. Mendiola’s supervised release and sentencing him to prison, the district court in this case varied upward to the statutory maximum of twenty-four months — twice the guidelines-recommended maximum of twelve months. And it did so for the express purpose of rendering Mr. Mendiola eligible for a prison drug treatment program open only to those “that have 24 months [in prison].” ROA, Vol. 3, at 6; see also id. (“Anybody that goes [into prison for] less than 24 months, they don’t have” access to the program.). The court cited Mr. Mendiola’s rehabilitative needs and the prison treatment program no fewer than nine times in the course of justifying its variance. Plainly, if the district court had known that a statute prohibited it from considering rehabilitation when imposing a term of imprisonment, there is a “reasonable probability” a shorter prison sentence would have followed.
The government says United States v. Collins, 461 Fed.Appx. 807 (10th Cir.2012), proves otherwise. There, we held that any potential Tapia error had no effect on the defendant’s substantial rights. But we reached that conclusion only because the district court in that case did not rely on rehabilitation considerations when crafting the prison sentence it issued. In fact, the district court in Collins issued a sentence longer than necessary to ensure the defendant’s eligibility for the relevant prison treatment and rehabilitation program. And the district court expressly justified its decision on the ground the defendant in that case “was not amenable to ... treatment and, as a result, posed a continuing danger to the community.” Id. at 810 (emphasis added). Thus, in Collins we could be confident rehabilitation concerns didn’t undergird the defendant’s sentence. Here, by contrast, we can be no less confident that rehabilitation considerations were at the heart of Mr. Mendiola’s sentence.
The government’s remaining argument invokes the second prong of the plain error standard. There we must ask whether the error at issue is “clear or obvious, rather than subject to reasonable dispute.” Puckett v. United States, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). While this aspect of the government’s case may be enough to invite some pause, ultimately it too proves unpersuasive.
The plainness of the error before us comes clear in this way. In 18 U.S.C. § 3582(a) Congress expressly told federal courts they may not impose any “term of imprisonment” to facilitate rehabilitation. See id. (“[I]n determining whether to impose a term of imprisonment ... and ... in determining the length of the term ... [courts must] recogniz[e] that imprisonment is not an appropriate means of promoting ... rehabilitation.”). In Tapia, the Supreme Court taught us that the word “imprisonment” carries its natural and ordinary meaning — encompassing “ ‘[t]he state of being confined’ or ‘a period of confinement.’ ” 131 S.Ct. at 2389 (alteration in original) (quoting Black’s Law Dictionary 825 (9th ed. 2009)). From this, it follows ineluctably (plainly) that § 3582(a) prohibits a court from relying on rehabilitation considerations any time it chooses to send someone to a term of confinement in a federal prison, whether as part of an initial sentence (as in Tapia) or as part of a sentence issued after a probation revocation (as in our case). See id. at 2391 (the statute “precludes sentencing courts from imposing or lengthening a prison term to promote an offender’s rehabilitation”). *1044 About all this, it turns out, Judge O’Brien was exactly right. See Tsosie, 376 F.3d at 1219 (O’Brien, J., dissenting).
Admittedly, 18 U.S.C. § 3583(e) directs district courts to consider a variety of § 3553(a) factors, including rehabilitation, when deciding whether to extend, modify, or end a term of supervised release. But this does not necessarily imply that a court may use prison as a rehabilitative tool as part of a revocation order. After Tapia, we know § 3582(a) means what it says, ruling out any use of prison for rehabilitation. Neither does Tapia’s teaching leave § 3583(e) bereft of meaning or incompatible with § 3582(a). After all, when deciding whether to extend, modify, or end a term of supervised release the district court has many options before it to consider, not just prison, and a court may lawfully consider rehabilitation in the context of some of these other options. This fact confirms that we cannot fairly draw the “inference that treatment” is necessarily a proper consideration under § 3583(e) when it comes to setting a prison term. United States v. Molignaro, 649 F.3d 1, 3 (1st Cir.2011).
The unavoidability and obviousness of the error we face is reinforced by still two more facts.
First, Tapia found it “illuminating” that there is a complete “absence of any [statutory] provision granting courts the power to ensure that offenders participate in prison rehabilitation programs.” 131 S.Ct. at 2390. If Congress had “meant to allow courts to base prison terms on offenders’ rehabilitative needs,” the Court explained, “it would have given courts the capacity to ensure that offenders participate in prison correctional programs.” Id. But Congress did not. Judges may recommend placement in treatment programs but they may not compel it. Only the Bureau of Prisons can. This, the Court found, “speaks volumes. It indicates Congress did not intend that courts consider offenders’ rehabilitative needs when imposing prison sentences.” Id. at 2391. All of these insights apply equally here. In revoking a defendant’s supervised release and imposing a prison term the district court has no more authority to ensure his admission to a treatment program than it does at initial sentencing. Tapia’s reasoning, thus, “speaks volumes” no less to our case than one involving an initial sentence and the error we face cannot be fairly described as some faint miscue.
Second, Congress itself — expressly and repeatedly — equated the act of sending a defendant to prison after the revocation of supervised release with the imposition of a “term of imprisonment.” See, e.g., 18 U.S.C. § 3583(g) (“[T]he court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment....” (emphasis added)); id. § 3583(h) (“When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment....” (emphasis added)); id. § 3583(i) (“The power of the court to revoke a term of supervised release ... and to order the defendant to serve a term of imprisonment....’’ (emphasis added)). Indeed, sending a defendant to prison after revocation has to be a “term of imprisonment” for any number of other sentencing administration statutes to make any sense at all. See, e.g., 18 U.S.C. § 3585(a) (when prison time starts); 18 U.S.C. § 3624(b) (calculation of good time credits); 18 U.S.C. § 3624(a) (time when a prisoner is released). I see no fair way we might now, after Tapia, ignore the force of these plain directions and definitions.
With the first three prongs of the plain error test met, that leaves only the fourth and final question to ask — whether the *1045 error before us merits correction because it tends to call into question the “fairness, integrity, or public reputation of judicial proceedings.” Johnson v. United States, 520 U.S. 461, 469, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). Here the answer is obvious, too. New things should give us more pause than the possibility of mistakenly sending to prison a man Congress has said should not be there. Mr. Mendiola’s sentence must be vacated and the district court given a chance to consider anew a sentence that conforms to the directions we have from Congress and the Court.