**IN THE COURT OF APPEALS OF IOWA**

No. 17-0797
Filed June 6, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JUSTIN C. DALTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Angeline M. Wilson,

District Associate Judge.


        Justin Dalton appeals from judgment and sentence entered upon his

conviction for theft in the fourth degree.  **AFFIRMED.**



        Thomas J. Viner of Viner Law Firm, PC, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee.



        Heard by Danilson, C.J., and Mullins and McDonald, JJ.

**DANILSON, Chief Judge.**

Justin Dalton appeals from judgment and sentence entered upon his conviction for theft in the fourth degree. Dalton contends he was denied a fair trial by the prosecutor's failure to provide copies of proposed exhibits and an exhibit list, and that trial counsel was ineffective in not obtaining copies of the State's intended exhibits.

Our review of constitutional claims, including claims of ineffective assistance of counsel, is de novo. *State v. Clark*, 814 N.W.2d 551, 560 (Iowa 2012).

Dalton asserts, "Discovery is an essential right, one provided for by Iowa Rule of Criminal Procedure 2.14 and generally protected by the [United States] and Iowa Constitutions as the right of a defendant to protection from 'trial by surprise.'" Dalton argues the State is required to designate the order of its exhibits prior to trial, the State is not allowed to charge a fee for discovery, and the State here did not adequately respond to discovery requested.

We acknowledge, "The right to present a defense is so fundamental and essential to a fair trial that it is accorded the status of an incorporated right through the Fourteenth Amendment's Due Process Clause."[1] *Clark*, 814 N.W.2d at 561.

---

[1] The right to present a defense includes:

> The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.

*Osborn v. State*, 573 N.W.2d 917, 921 (Iowa 1998) (quoting *Washington v. Texas*, 388 U.S. 14, 19 (1967)).

However, "A criminal defendant has no due process right to pretrial discovery." *Id.*; *accord United States v. Adcock*, 558 F.2d 397, 406 (8th Cir. 1977) (rejecting claim for broad discovery rights under the Sixth Amendment and holding that the purpose of Federal Rule of Criminal Procedure 15 is preservation of evidence not pretrial discovery).

Moreover, Iowa Rule of Criminal Procedure 2.14, upon which Dalton relies, provides for "disclosure required upon request," which mandates the State to permit the defendant "to inspect and copy or photograph" relevant information. *See* Iowa R. Crim. P. 2.14(2)(a). Nothing in the rule requires the State to provide witness lists or furnish copies of exhibits.[2]

While Dalton contends the State may not charge a fee for discovery, he provides no authority for that proposition. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). Moreover, we are given no information as to the amount of the copying charge in dispute nor whether the defendant contends the charge is unreasonable in amount, rather than in principle alone.[3]

---

[2] We also note the rules pertaining to electronic filing allow for the submission of proposed exhibits, but do not require them. *See* Iowa Rs. Elec. P. 16.412(2)(a) (stating "[a] party *may* submit proposed exhibits to the court" (emphasis added)), .701(2) (providing that the rules of electronic procedure are applicable to criminal cases).

[3] We agree with the trial court that as a matter of good practice and common courtesy counsel should be provided proposed exhibits. Proposed exhibits allow the trial court to be better prepared for potential evidentiary matters. Digital copies must be uploaded due to electronic filing requirements and, therefore, there would seem to be little if any effort or cost required to also forward a digital copy to opposing counsel. However, we are provided no authority that such a practice is required. And we note that in *State v. Land*, No. 11-1417, 2013 WL 104836, at *4 (Iowa Ct. App. Jan. 9, 2013), we referenced several cases relative to copying costs. *See, e.g.*, *United States v. Freedman*, 688 F.2d 1364, 1366–67 (11th Cir.1982) (finding the government must allow defendants access to inspect

We also reject Dalton's claim that his trial counsel provided ineffective assistance in failing to obtain exhibits and exhibit lists, which led to the failure to prepare a full defense. In order to prevail on a claim of ineffective assistance of counsel, Dalton must establish by a preponderance of the evidence that counsel failed in an essential duty, which resulted in prejudice. *See State v. Ondayog*, 722 N.W.2d 778, 783 (Iowa 2006). Dalton's trial counsel had access to the evidence the State intended to offer. Moreover, the district court offered defense counsel additional time to view materials, which she declined. Dalton has failed to prove any prejudice in counsel failing to obtain a discovery order. We affirm.

**AFFIRMED.**

---

and copy requested discovery material, but is not required to furnish, at its own expense, copies of discretionary discovery material to defendants).